### The Mayor of Manchester v. Smyth.

The court will not interfere by injunction to prevent the violation of a
city building ordinance designed to furnish security against fire, when
it appears that the threatened violation will not constitute a nuisance
by increasing the danger from fire.

BILL IN EQUITY, for an injunction to restrain the defendant
from proceeding further with the work of raising and enlarging a
building in Manchester, in violation of the following ordinance of
the city: "No person shall erect, or cause to be erected, any build-
ing exceeding ten feet in height, nor shall any building now or
hereafter erected be raised or enlarged, unless the walls of the same
shall be built of iron, brick, or stone, with the roof of slate, iron, or
other incombustible material, within the following limits," etc. Facts
found by the court. The original building—a dwelling-house—was
built in 1845 of wood, a little more than two stories high, with a
square roof covered with shingles. The plates on which the rafters
rested were about two feet above the floor of the attic, which con-
sisted of a single finished room lighted from the roof, with an
unlighted recess used for storage on each of its four sides. In order
to obtain additional and better lighted rooms, the defendant has
removed the old roof, extended the outer walls upward on each
side of the building from five to seven feet, put on or begun to put
on a flat gravel concreted roof, which at its highest point is four
inches higher and at its lowest point twenty inches lower than the
highest point of the old roof. This is the raising and enlarging
complained of. The interior is now wholly unfinished. If the
building is completed according to the defendant's design, the
danger from fire will be in some respects increased and in others
diminished; but, on the whole, considering the interior and exte-
rior exposure of the building itself and that of adjacent buildings,
it will be neither increased nor diminished.

The defendant waives all objections to the form of the proceed-
ings, and contends (1) that the ordinance is not authorized by the
statute (G. L., c. 48, s. 10) or by any provision of the city charter;
(2) that if authorized, it is invalid so far as it applies to buildings
erected prior to the date of the charter and to the enactment of
the statute; and (3), that if valid the raising and enlarging are
not and will not be when completed a violation of it, inasmuch as
the danger from fire will not be increased.

*Sulloway & Topliff*, for the plaintiff. The finding of the court,
that, on the whole, the danger from fire will neither be increased
nor diminished, is of no consequence. That is a matter with which
the court has nothing to do. It is not a question of fact to be de-
termined by the court, but one of which the city council have the

sole, absolute, and final determination (1 Dill. Mun. Corp., 3d ed., s. 328, *Hine* v. *New Haven*, 40 Conn. 478), and this discretion cannot be judicially interfered with.   1 Dillon, *s.* 94; *State* v. *Clarke*, 54 Mo. 17; *Gas Co.* v. *Des Moines*, 44 Iowa 509; *St. Louis* v. *Boffinger*, 19 Mo. 15; 1 Dillon (3d ed.), *s.* 475; *Baker* v. *Boston*, 12 Pick. 184; *Veazie* v. *Mayo*, 45 Me. 560; *Fay, Petitioner*, 15 Pick. 243; *Parks* v. *Boston*, 8 Pick. 218; *Danielly* v. *Cabaniss*, 52 Ga. 211; *Sheridan* v. *Colvin*, 78 Ill. 237; *Western Saving Fund Society* v. *Philadelphia*, 31 Penn. St. 175, 185; *Indianapolis* v. *Indianapolis Gas Co.*, 66 Ind. 396; 1 Dillon (3d ed.), *note* 1, *p.* 401; *The Mayor & Council of Monroe* v. *Hoffman*, 29 La. Ann. 651; 39 Am. Rep. 345; 2 Dillon, *s.* 832, and cases cited.

"Whenever matters have been intrusted by law to the judgment and discretion of municipal officers or boards, equity will not revise or control the exercise of their discretion in the absence of fraud." High Inj. (2d ed.), *s.* 1270; *ib.*, *s.* 1240.

"It is well settled, and indeed admitted by the plaintiff, that this court, sitting as a court of equity, has no superintendence of inferior tribunals." *Lane* v. *Morrill*, 51 N. H. 423; *Kelsey* v. *King*, 32 Barb. 410; *People* v. *Mayor*, 32 Barb 102; *McKinley* v. *Freeholders*, 29 N. J. Eq. 164; *Andrews* v. *Knox Co.*, 70 Ill. 65; *Swett* v. *City of Troy*, 62 Barb. 630; *Phelps* v. *Watertown*, 61 Barb. 121; *Fitzgerald* v. *Harms*, 92 Ill. 372; High Ex. Leg. Rem., *ss.* 42, 325, 418, and cases cited.

While it is as a proposition true that the legislature is alone competent to make laws, it is as well settled and universally conceded that it is competent for the legislature to delegate to municipal corporations the power to make by-laws and ordinances, which have all the force in favor of municipalities, and against persons bound thereby, of laws passed by the legislature of the state.   1 Dill. Mun. Corp. (3d ed.), *s.* 308; *Heland* v. *Lowell*, 3 Allen 407; *Church* v. *City*, 5 Cow. 538; *St. Louis* v. *Boffinger*, 19 Mo. 13, 15; *St. Louis* v. *Bank*, 49 Mo. 574; *McDermott* v. *Board of Police*, 5 Abb. Pr. 422; *Mason* v. *Shawneetown*, 77 Ill. 533; *Des Moines Gas Co.* v. *Des Moines*, 44 Iowa 508; 24 Am. Rep. 756; *State* v. *Tryon*, 39 Conn. 183; *Indianapolis* v. *Indianapolis Gas Co.*, 66 Ind. 396; *Starr* v. *Burlington*, 45 Iowa 87.

"The by-law has the same effect within its limits and with respect to the persons upon whom it lawfully operates as an act of parliament has upon the subjects at large." Lord *Abinger*, in *Hopkins* v. *The Mayor*, 4 M. & W. 621, 640; *Milne* v. *Davidson*, 5 Mart. N. S. 586; *The Queen* v. *Osler*, 32 U. C. Q. B. 324.

The common-law doctrine is, that a corporation, aggregate for municipal purposes, is nothing more nor less than "an intrusting the people of a place with the local government thereof." *Cuddon* v. *Eastwick*, 1 Salk. 192; *People* v. *Morris*, 13 Wend. 325, 334; *People* v. *Hurlbut*, 24 Mich. 44, 88; *Brinckerhoff* v. *Board of Education*, 37 How. Pr. 499.

The power to make by-laws is incidental to the very existence of corporations, and without any grant it may make all appropriate by-laws. "For of common right every corporation may make a by-law concerning any franchise granted to them, because it concerns the welfare of the body politick and is included in the very act of incorporation. And that is to the body politick as reason is to the body natural to govern themselves, and if a franchise be granted to a corporation it is under a trust that the corporation shall manage it well, which cannot be done but by a by-law." *City of London* v. *Vanacker*, 1 Ld. Ray. 496 ; *Norris* v. *Staps*, Hobart 211.

And such by-laws when made are as binding as any public law of the state. *Anacosta Tribe* v. *Murbach*, 13 Md. 91 ; *Cummings* v. *Webster*, 43 Me. 192.

Ordinances and by-laws are not void because they prohibit what otherwise might lawfully be done. A legal restraint may be imposed on a few for the benefit of the many. 1 Dill. Mun. Corp., s. 326.

"The establishment of limits within the denser portion of cities and villages, within which buildings constructed of inflammable material shall not be erected or *repaired*, may also, in some cases, be equivalent to a destruction of private property ; but regulations for this purpose have been sustained notwithstanding this result." Cool. Con. Lim. 740 ; *King* v. *Davenport*, 98 Ill. 305 ; *Respublica* v. *Duquet*, 2 Yeates 493 ; *Wadleigh* v. *Gilman*, 12 Me. 403 ; *Brady* v. *North-Western Ins. Co.*, 11 Mich. 425 ; *Monroe* v. *Hoffman*, 29 La. An. 651.

A municipal corporation may by ordinance provide that buildings shall not be erected of wood or other inflammable material. Wood Nuis., s. 741 ; *Hudson* v. *Thorne*, 7 Paige 261 ; *Douglass* v. *Com.*, 2 Rawle 262 ; *Brady* v. *Ins. Co.*, 11 Mich. 425 ; 1 Dill. Mun. Corp., ss. 143, 405 ; *Vanderbilt* v. *Adams*, 7 Cow. 349, 352.

The city council, the only legally constituted tribunal to determine the question, considered the rights of the defendant and the public, and decided that the use to which the defendant proposes to put the property would endanger the public safety, and by the ordinance in question declared it to be a nuisance.

In matters of this character, designed to protect the public, like a house held out as one of ill-fame, it is none the less a nuisance that there has been no act of prostitution. A man who erects a pig-sty under his neighbor's window could hardly excuse himself by showing that he intended to keep it clean and inoffensive. A man residing in a populous town might desire very much to have his child sick with small-pox cared for in his own house, but it would not be an answer sufficient to prevent removal that he would use his utmost endeavors, and take the greatest precaution, to prevent the spread of the disease. The law would not wait for the disease to spread   No more, in this case, should it wait for the

irreparable mischief of a conflagration to settle by practical demonstration whether the city council or the court are right in their opinion as to whether the danger from fire will or will not be increased by the proposed change.

The ground of jurisdiction of courts of equity in cases of nuisance is their ability to give a more complete and perfect remedy than is attainable at law, in order to prevent irreparable mischief, and also to suppress oppressive and vexatious litigation. They can interpose, where courts of law cannot, to restrain and prevent nuisances which are threatened, or are in progress, as well as to abate those already existing, and by a perpetual injunction the remedy is made complete through all future time.

When the injury may be irreparable, as loss of health, trade, or permanant ruin to property may or will ensue from the wrongful act of erection, in every such case courts of equity will interfere by injunction. Sto. Eq. Jur., s. 926; Webber v. Gage, 39 N. H. 186; West Point Iron Co. v. Reymert, 45 N. Y. 703; Nicodemus v. Nicodemus, 41 Md. 529; Schurmeier v. St. Paul, &c., R. R. Co., 8 Minn. 113; Wilson v. City of Mineral Point, 39 Wis. 160; 2 Sto. Eq. Jur., ss. 925, 926; Eden Inj. 286; Jer. Eq. Jur., s. 310; People v. St. Louis, 10 Ill. 372; Hoole v. Attorney-General, 22 Ala. 190; Attorney-General v. Gas Co., 19 Eng. L. & Eq. 639; Aldrich v. Howard, 7 R. I. 87; Zabriskie v. Railroad Co., 2 Beas. 314; Jersey City v. Hudson, 2 Beas. 420; Attorney-General v. Brown, 9 C. E. Green 89; Wood Nuis., c. 25; Burnham v. Kempton, 44 N. H. 94, 95.

Towns may maintain a bill in equity, and courts will aid them by injunction in enforcing their by-laws. Winthrop v. Farrar, 11 Allen 398; Watertown v. Mayo, 109 Mass. 315.

"No solid reason, in the author's judgment, exists why in proper cases a municipal corporation may not resort to a court of equity to aid it in enforcing its public duties to preserve the health and property of the inhabitants." 1 Dill. Mun. Corp , s. 405, note; Wood Nuis., s. 770, note 4, where the English cases are collected, and ss. 771, 772.

*Cross & Taggart*, for the defendant.

ALLEN, J. The plaintiff seeks the extraordinary remedy of a perpetual injunction against the defendant's proposed erection and enlargement of his building, claimed to be in violation of a penal ordinance of the city made to prevent the spread of fire. The equity powers of the court are not often, if ever, invoked or used to restrain or suppress the commission of crimes and misdemeanors, either as a substitute for the remedy by prosecution for the penalty affixed to the offence, or to obviate the necessity of repeated prosecutions. The equity jurisdiction of the court undoubtedly includes, in proper cases, the restraining by injunction of the erection

and maintenance of nuisances, public and private. To warrant the application of this restraining power, the danger of irreparable mischief or injury must be imminent and clearly made to appear. *Wason* v. *Sanborn*, 45 N. H. 169 ; *Perkins* v. *Foye*, 60 N. H. 496. The act sought to be restrained must be one which, if performed or executed, will inevitably bring on the danger threatened by it. It must be a nuisance in fact, and not one created solely by statutory enactment or municipal ordinance. *Waupun* v. *Moore*, 34 Wis. 450.

In this case, the defendant's proposed raising and enlargement of his building, if carried to completion, would neither be a nuisance in fact, nor the occasion of irreparable mischief or injury. The ground of complaint is, that the danger from fire will be increased, but the case finds that the proposed change will neither increase nor diminish that danger. But for the ordinance prohibiting and restricting the change it would be lawful, and the defendant's right to carry out the undertaking would be unquestioned.

With these views, it is not necessary to consider whether the ordinance, a threatened violation of which is complained of, is or is not authorized by the charter of the city or the statute upon the subject.

*Bill dismissed.*

SMITH and CLARK, JJ., did not sit: the others concurred.