THE VILLAGE OF OXFORD, Respondent, v. WILLIAM D. WIL-LOUGHBY et al., Appellants.

1. EVIDENCE — ANCIENT DEED AND MAP AS EVIDENCE OF LOCATION OF VILLAGE STREET. Where one of the issues in an action brought by a village to enjoin an alleged encroachment upon a public street is as to whether the land upon which the encroachment was to be erected formed a part of a public street, a recorded deed executed in 1806 and a map of a portion of the village attached thereto, offered in evidence in order to identify the defendants' premises and the practical location of the southerly street line, objected to as not showing the width of the street and as not constituting a dedication thereof, are properly admitted as ancient documents showing or tending to show the accepted belief of the community as to the lines of the roads and properties described, and are relevant upon the subject of the extent of the street and of the user.

2. VILLAGES — RIGHT TO ENJOIN ENCROACHMENTS UPON PUBLIC STREETS. A village may maintain such an action, although the right is not expressly conferred by the Village Law (L. 1897, ch. 414); it is, however, to be implied from the Highway Law (L. 1890, ch. 568), section 15 of which confers the right upon highway commissioners to maintain such an action in the name of the town; and as section 141 of the Village Law constitutes the village a "separate highway district" with exclusive control in the board of trustees over the streets, the same power with respect to a public street of a village must be deemed by necessary implication to have been conferred upon the trustees thereof as is conferred upon a highway commissioner of a town with respect to the highways therein.

*Village of Oxford v. Willoughby*, 87 App. Div. 609, affirmed.

(Argued March 3, 1905; decided March 14, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered September 23, 1903, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herbert C. Stratton* and *V. D. Stratton* for appellants. The judgment of the Special Term having been affirmed by a unanimous Appellate Division, two questions at least are open for review in this court. *First.* Whether there was any legal error in the admission and rejection of evidence on the trial. *Second.* Are the facts found by the Special Term sufficient to support the judgment and to authorize the conclusion of the trial court that the land in question is a part of the public street as a matter of law. (*Krekeler* v. *Aulbach*, 169 N. Y. 372; *Sweet* v. *Henry*, 175 N. Y. 268; *Mahaney* v. *Carr*, 175 N. Y. 454; *Ide* v. *Brown*, 178 N. Y. 26.) The Josiah Stephens deed and map were improperly received and admitted in evidence under the objection and exception of the appellants, and such deed and map on the face thereof did not establish the street line as a matter of law. ( *Ward* v. *Davis*, 3 Sandf. 502; Elliott on Roads & Streets, § 144; 9 Am. & Eng. Ency. of Law [2d ed.] 28; *Porter* v. *Stone*, 51 Iowa, 373; *Leland* v. *Portland*, 2 Oreg. 46; *Edensville* v. *C. Ry. Co.*, 77 Iowa, 69; *Eureka* v. *Fay*, 107 Cal. 166; *Hannibal* v. *Draper*, 36 Mo. 332; *Fowler* v. *Linquist*, 138 Ind. 536; *Lawrenceburgh* v. *Wesler*, 10 Ind. App. 133; *Lee* v. *Lake*, 14 Mich. 12; *K. C. M. Co.* v. *Riley*, 133 Mo. 574; *Nelson* v. *Maddison*, 3 Bliss [U. S.], 244.) The facts found by the trial court do not authorize the judgment granted, and are insufficient as a matter of law to warrant the conclusions of law flowing therefrom. (*City of Cohoes* v. *D. & H. Co.*, 134 N. Y. 397; *W. Ry. Co.* v. *A. G. T. R. R. Co.*, 96 Ala. 272; *Alpaugh* v. *Bennett*, 59 Hun, 45; *Marvin* v. *Pardee*, 64 Barb. 355; *People* v. *Judges*, 24 Wend. 492; *Talmage* v. *Hunting*, 29 N. Y. 447; *Quay* v. *Town of Deerport*, 116 N. Y. 476; *Wiggins* v. *Tallmage*, 11 Barb. 457; *Walker* v. *Caywood*, 31 N. Y. 63; *Plummer* v. *Ossipee*, 59 N. H. 55; Elliott on Roads & Streets, 187.) There is no finding in the record that the land in question was ever dedicated to the public for a highway, and no proof of the acceptance of any land for such purpose claimed to have been dedicated. (*Holdane* v. *Trustees*, 21 N. Y. 474;

*Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61 ; *Cook* v. *Harris*, 61 N. Y. 448 ; *N. F. S. B. Co.* v. *Bachman*, 66 N. Y. 261 ; *People* v. *Loehfelm*, 102 N. Y. 1 ; *Pomfrey* v. *Vil. of Saratoga Springs*, 104 N. Y. 459 ; *Speir* v. *Town of New Utrecht*, 121 N. Y. 420 ; *People* v. *Underhill*, 144 N. Y. 316 ; *Flack* v. *Vil. of Green Island*, 122 N. Y. 107 ; *Bell* v. *City of Burlington*, 68 Iowa, 296.) If the land in question ever was any part of a public highway it not having been found that it had been used as such, then it had been abandoned by nonuser as a matter of law. (*Driggs* v. *Phillips*, 103 N. Y. 77 ; *Horey* v. *Vil. of Haverstraw*, 124 N. Y. 278 ; *Beckwith* v. *Whalen*, 70 N. Y. 430 ; *Ludlow* v. *City of Oswego*, 25 Hun, 260 ; *E. B. Co.* v. *Vil. of Haverstraw*, 142 N. Y. 146 ; *Bissel* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61 ; *Mott* v. *Mott*, 68 N. Y. 246 ; *Haberman* v. *Baker*, 128 N. Y. 253 ; *City of Buffalo* v. *D., L. & W. R. R. Co.*, 68 App. Div. 488 ; *Townsend* v. *Bishop*, 61 App. Div. 18.) The plaintiff cannot maintain this action and the proof does not show that any cause of action has been established. (*Rozell* v. *Andrews*, 103 N. Y. 150 ; *Coykendall* v. *Durkee*, 13 Hun, 260 ; *Vil. of Hempstead* v. *B. E. L. Co.*, 9 App. Div. 48 ; *Hettenbach* v. *N. Y. C. & H. R. R. R. Co.*, 18 Hun, 129 ; *Mayor, etc.*, v. *Thorne*, 7 Paige, 261 ; *Vil. of Brockport* v. *Johnson*, 13 Abb. [N. C.] 468 ; *Vil. of New Rochelle* v. *Long*, 75 Hun, 608 ; *People* v. *B. & O. R. R. Co.*, 117 N. Y. 150 ; *Hoey* v. *Gilroy*, 129 N. Y. 132 ; *Jorgensen* v. *Squires*, 144 N. Y. 280.)

*Eugene Clinton* for respondent. The village has the legal right to maintain this action. (*Town of Windsor* v. *D. & H. C. Co.*, 92 Hun, 127 ; 155 N. Y. 645 ; *Town of Eastchester* v. *N. Y., W. & C. T. Co.*, 30 Misc. Rep. 571 ; *People ex rel.* v. *Coleman*, 121 N. Y. 542 ; *Jones* v. *Sheldon*, 50 N. Y. 477 ; *Vil. of Hempstead* v. *B. El. Co.*, 9 App. Div. 48 ; *Ackerman* v. *True*, 175 N. Y. 353.) The physical conditions which have existed and been acquiesced in by the landowners and and the public for nearly a hundred years have defined and established the street line by practical location. (*Rudolph* v.

*Ackerman,* 30 Misc. Rep. 698; *Story* v. *Elevated R. R. Co.,* 90 N. Y. 122; *People* v. *Underhill,* 144 N. Y. 316.) The land within the defined limits of Main street having been used by the public as a highway for more than twenty years, the location of the boundaries of the street have become fixed and established. (L. 1890, ch. 568; R. S. [7th ed.] 1249, § 100; *Speir* v. *Town of New Utrecht,* 121 N. Y. 420; *People* v. *Loehfelm,* 102 N. Y. 1; *Pomfrey* v. *Vil. of Saratoga Springs,* 104 N. Y. 466; *Cook* v. *Harris,* 61 N. Y. 448.) The occupation of a portion of the highway by the defendants' building is an obstruction and a nuisance for which no lapse of time will enable them to prescribe, and no acquiescence on the part of the highway officials will deprive the public of the right to use the whole highway, or in any degree lessen the duty of such officials to remove the encroachment. (*Driggs* v. *Phillips,* 103 N. Y. 77; *Bridges* v. *Wyckoff,* 67 N. Y. 130; *S. V. O. Asylum* v. *City of Troy,* 76 N. Y. 114.)

GRAY, J.   The plaintiff brought this action, in equity, to enjoin the defendants from encroaching upon one of its public streets by the erection of an addition to a building, and to compel the removal of the encroachment.   The answer put in issue the right of the plaintiff to maintain the action, and the question whether the land, upon which the structure was to be erected, formed a part of the public street.   The findings of the trial court showed that the south line of the street, (upon which the encroachment is claimed to be made), has been defined and located for more than fifty years; that a uniform frontage for buildings upon that line had existed during all of that time; that the street, as so defined, had been used by the public and had been kept in order by the village authorities; that the said south line of the street is the north line of the defendant's premises; that when, in 1870, the then owners of the defendants' premises moved upon them a building, it was located by placing the north end thereof along the south line of the street as defined as aforesaid; that in March, 1899, certain of the defendants laid founda-

tions and erected upon them a wooden building, which extended into and upon the street some ten feet; that, immediately after the excavation for the foundations had been begun, the plaintiff's board of trustees passed a resolution, which forbade the defendants to erect, or to maintain, buildings, which encroached upon the public street, and threatened legal proceedings, should they continue with their building operations; that notice was served upon the defendants by the trustees to remove the excavation and to restore the street to its former condition, within ten days, and that they refused to comply and continued their building to its completion. Judgment was awarded to the plaintiff, restraining the defendants from continuing their encroachment upon the street and compelling the removal of the building. This judgment was unanimously affirmed by the Appellate Division and, as the boundary lines of the public street and the encroachment by the defendants were questions of fact, this appeal of the defendants brings nothing up for review in this court; except the sufficiency of the findings to support the judgment and any error of the trial court in ruling upon the admission, or the rejection, of evidence. The findings are sufficient for the judgment. The learned Appellate Division, in determining the appeal of the defendants, did not see fit to express its views; although one of the questions presented, from its public interest, because involving a construction of the Village Law, would seem to have been of sufficient importance to have warranted an opinion.

A ruling, to which exception was taken and which is now argued to have been erroneous, related to a deed and to a map referred to therein, which were offered by the plaintiff. They were offered in order to identify the defendant's premises and the practical location of the southerly street line in question, and they were admitted over the objection of the defendants. The deed was by Josiah Stevens to the president and directors of the Chenango turnpike, in 1806, and it conveyed certain lands in the village. It referred, in description, to a map of a portion of the village, attached thereto.

Both were placed on record in the clerk's office and they have been referred to in the findings made by the trial court. The objection to the introduction of this map appears to consist in the contention that it does not disclose the width of this street; that Stevens was not the owner of the premises at the time and that he could not, and did not intend to, make thereby a dedication, or location of the street. I think that there was no error in receiving these documents in evidence. The street had existed for many years and had been used as such by the public. The extent of that user and the recognized boundary lines of the street were matters to be established by all relevant facts. Stevens appears to have been a large property owner and to have interested himself in the promotion of the interests of the village, as we read in this deed to the turnpike company. Some of his transactions in real estate seem to have been necessary to the defendants' chain of title; for they put in evidence deeds by him in 1805 and 1806. The very deed and map, whose introduction in evidence is complained of as an error of the trial court, were dated three days before one of his deeds, which the defendants put in evidence as relevant to the proof of their own title. In subsequent deeds, made in 1839 and 1844, and by which defendants' title is traced, Stevens' map is referred to for description, or designation. I think it was admissible as evidence, showing, or tending to show, the accepted belief of the community as to the lines of the roads and properties described. It was an item of evidence, which, as the controversy was over an ancient matter, was properly receivable in explanation of the situation and to aid in showing the public and general rights. (See 1 Greenl. Evid. § 139.) It contributed, legitimately, to the body of evidence upon the subject of the extent of the street and of the user; from which the trial court might reach a determination.

The only other question, raised by exception and which demands consideration, relates to the right of the plaintiff to maintain an action for equitable relief. It is an important one; because, if the contention of the appellants is right and

a village cannot have the equitable relief of a mandatory injunction, to restrain an encroachment upon the public street and to compel the removal of the structure which encroaches, then it is denied that measure of relief to which, in my opinion, a fair construction of the Village Law entitles it. The trial court found the structure to be an obstruction and a nuisance, and rightly so ; for that amounts in law to a public nuisance, which obstructs the public highway. ( *Wakeman* v. *Wilbur*, 147 N. Y. 657, 663.)   The argument of the appellant is that the Village Law of 1897 does not expressly confer the power upon a village to maintain such an action, and that it is confined to the enacting of ordinances and the enforcement thereof by means of penalties.  With respect to the ordinary administration of purely village affairs, that may be true ; but that it is true where the act sought to be restrained affects the public highways and is a nuisance, I am not convinced.   I think, as a general rule, that, as a municipal corporation possesses, beyond the powers specifically conferred upon it, such as are necessarily incidental, or which are essential, to the object of its existence, it may have the implied right to resort to a court of equity to protect the public and general rights, when menaced by an act which amounts to a public nuisance.   But however that may be, it is true here that the right to maintain such an action is to be implied from the Highway Law of the state.   (Chap. 568, Laws of 1890.) The plaintiff was, originally, incorporated under a special statute, passed in 1808, and was reincorporated under the General Village Law, passed in 1892.   That law was amended in 1897, (Chap. 414, Laws of 1897), and there is no provision relative to the general law of highways ; although it contains provisions relating to the administration of village streets. Section 89 of the Village Law empowers the trustees of the village to enact ordinances " to regulate or prevent incumbering the streets or public grounds with any material whatever, or any encroachment or projection in, over, or upon any of the streets or public grounds, or any excavations immediately adjacent thereto."   Section 141 constitutes the village

11

a "separate highway district" and declares that "the streets and public grounds of a village * * * are under the exclusive control and supervision of the board of trustees." Now, if power is conferred upon the trustees to legislate upon the subject of the public streets and grounds, how can it be correctly said that the municipality is deprived of the incidental power to restrain a public nuisance and to conserve the public rights by application to a court of equity? I agree with the argument of the counsel for the respondent that the General Highway Law applies to villages, where it is not modified by the provisions of the Village Law. Section 15 of the Highway Law confers the right upon highway commissioners to maintain such an action in the name of the town; but the Village Law creates for the village a "separate highway district," with exclusive control in the board of trustees over the streets. That provision carries with it, by necessary implication, the right possessed by the highway commissioners of towns to maintain an action to restrain, and to remove, obstructions. Nothing in the Village Law negatives the implication and its provisions justify the assertion that, so far as the village is made a separate highway district, within the control and supervision of its trustees, they possess the right to exercise, in relation thereto, such functions and duties as highway commissioners of towns may exercise, save so far as the Village Law may prescribe to the contrary. In other words, the Village Law, as to highways within its limits, modifies the General Highway Law and leaves to the village authorities the exercise of such necessarily incidental powers, as, in the case of town highways, were conferred upon the town commissioners. That is a harmonization of the Highway Law with the Village Law, which is sensible and logical.

For these reasons, I advise the affirmance of the judgment, with costs.

CULLEN, Ch. J., O'BRIEN, BARTLETT, HAIGHT, WERNER, JJ. (and VANN, J., in result), concur.

Judgment affirmed.