(52 Misc. Rep. 222)

## CITY OF NEW YORK v. KNICKERBOCKER TRUST CO.

(Supreme Court, Special Term, New York County. December, 1906.)

1. MUNICIPAL CORPORATIONS — CITY STREETS — ENCROACHMENTS — NUISANCE — ABATEMENT IN EQUITY.

     Where steps and areas project into a city street and appropriate one-half of the sidewalk, it constitutes a nuisance, and equity will compel their removal.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1502, 1503.]

2 SAME—ORDINANCES—COURTYARDS.

     The ordinances of the city of New York of 1833 and 1844, permitting owners of property on Fifth avenue to inclose 15 feet of the sidewalk for a courtyard, were void.

3. SAME—USE OF SIDEWALK.

     Where the board of aldermen of the city of New York granted to an owner of property on Fifth avenue permission to erect a portico in front of its building on such avenue, the ordinance was void, and the fact that the building department acquiesced therein was insufficient to give it validity.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1442, 1443.]

Action by the city of New York against the Knickerbocker Trust Company.   Judgment for plaintiff.

See 93 N. Y. Supp. 937.

John J. Delany, Corp. Counsel, for plaintiff.

Davies, Stone & Auerbach, for defendant.

O'GORMAN, J.   This is a suit in equity to compel the defendant to remove certain encroachments in the public highway, consisting of steps and areas at Fifth avenue and Thirty-Fourth street, which appropriate approximately one-half of the sidewalk of each street.   There is no substantial dispute as to the facts.   The projection complained of clearly interferes with the right of the public to use the whole of the public street.   It is, therefore, an unlawful incumbrance, and constitutes a public nuisance.   Ackerman v. True, 175 N. Y. 353, 67 N. E. 629; McMillan v. Klaw & Erlanger Const. Co., 107 App. Div. 407, 95 N. Y. Supp. 365.   It is a well-established doctrine that no power resides in the municipality to authorize a permanent obstruction upon a public street; and, whenever the rights of the public are menaced by an act which amounts to a public nuisance, recourse may be had to the aid of a court of equity.   Village of Oxford v. Willoughby, 181 N. Y. 160, 73 N. E. 677; Wheelock v. Noonan, 108 N. Y. 179, 15 N. E. 67, 2 Am. St. Rep. 405.   The ordinances of 1833 and 1844, permitting owners of property on both sides of Fifth avenue to inclose 15 feet of the sidewalk for a courtyard, were absolutely void.   Lawrence v. Mayor, 2 Barb. 577; Ely v. Campbell, 59 How. Prac. 337; People v. Mayor, 59 How Prac. 277.   The resolution of the board of aldermen of December 10, 1901, which attempted to grant to the defendant permission to erect the porticos in front of the defendant's building was also void, and in violation of the strict prohibition contained in section 49, subds. 3, 4, of the charter of 1897 (Laws 1897, p. 19, c. 378), and in section 50 of the charter of 1901 (Laws 1901, p. 28, c. 466).   Ackerman v. True, supra.   The acquiescence of the building department affords the defendant no immunity from its erection and maintenance of a public nuisance; nor should a court of equity withhold appropriate relief because the public suffer from the unlawful conduct of other offenders whose acts have not yet received judicial condemnation.

Judgment for plaintiff, with costs.