(56 Misc. Rep. 360.)

CITY OF NEW YORK v. RICE.

(Supreme Court, Special Term, New York County.　November, 1907.)

1. MUNICIPAL CORPORATIONS—ENCROACHMENT IN STREETS—POWER TO PERMIT.
　　Neither the assembly of the city of New York nor the park commissioner can, in streets lying within 350 feet of a public park, permit an encroachment of a permanent character therein.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1433.]

2. SAME—NUISANCE—ENCROACHMENT IN STREET—ABATEMENT.
　　A wall 8 feet high, constituting part of a stoop and entrance to a residence, and extending beyond the building line, is a nuisance, which the city may abate by an action in equity.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1502–1505.]

Action by the city of New York against Isaac L. Rice to restrain maintenance of a certain wall on Riverside Drive.　Judgment for plaintiff.

George O'Reilly, for plaintiff.
Norman S. Johnson, for defendant.

BISCHOFF, J.　The plaintiff brings this action to obtain a judgment restraining the maintenance of an ornamental wall erected by the defendant upon certain real estate owned by him and situated upon Riverside Drive at its intersection with Eighty-Ninth street, which premises he occupies as a residence.　It appears that in the year 1889 the defendant purchased the plot of land so situated, and caused plans to be prepared for the erection of a dwelling house and for the improvement of the plot in such manner that a terrace was to be maintained, surrounded by a wall upon Riverside Drive and upon Eighty-Ninth street.　In November, 1889, the defendant obtained from the municipal assembly of the city of New York a permit "to erect up to and upon the stoop line of the said premises at Eighty-Ninth street and Riverside Drive, a terrace wall approximately eight feet high, to be composed of rough stone faced with marble or limestone, such terrace wall to constitute a part of the architectural motive of the stoop and entrance leading to the said contemplated residence."　In the month of January, 1900, after the work had been commenced on the wall and after it had been mainly completed, the defendant obtained from the park commissioner a permit to maintain the wall; and the question presented in this action is whether, by virtue of these permits, the structure could lawfully be maintained.

There is no question that the wall was of a permanent character and intended to be so, no less than was the defendant's residence itself; nor is there any dispute that the line of the wall extended up to and somewhat beyond the limits of the stoop line upon both Riverside Drive and Eighty-Ninth street.　The projection of this structure into the street extends beyond the authorized building line, for buildings as such, approximately 6 feet on Eighty-Ninth street and approximately 7 feet on Riverside Drive; and, unless the permits referred to serve to legalize the erection and maintenance of the wall,

107 N.Y.S.—41

it undoubtedly amounts to a nuisance, because an appropriation of a substantial part of the city's streets, in violation of existing provisions of law relating to the manner in which the line of buildings upon the streets are restricted. In general, an ordinance of the municipality, or a permit granted by an agent of the municipality pursuant to an ordinance, which purports to authorize the permanent erection of a structure upon the public street in such manner as to encroach upon the use of the street by the public for its ordinary purposes, must be deemed void and ineffective to protect the person who acts thereunder against a demand by the city that the obstruction be removed (McMillan v. Klaw & Erlanger, 107 App. Div. 407, 95 N. Y. Supp. 365; City of New York v. Knickerbocker Trust Company, 52 Misc. Rep. 223, 102 N. Y. Supp. 900); but it is claimed that in the present case the permit granted to the defendant by the park commissioner in the year 1900 sufficed to authorize the erection of this wall, because, in the case of streets lying within 350 feet of a public park, jurisdiction to determine the lines of curb of the streets and the matter of erections and projections' thereon was vested and is still vested in the park department, or the park commissioners, according to the designation employed in the different statutes.

In my opinion the distinction suggested cannot aid the defendant. The powers of the park department under the consolidation act (Laws 1882, p. 194, c. 410, § 688) and under the charter of 1897 (Laws 1897, p. 213, c. 378, § 612) in relation to the use of streets adjacent to the public parks was considered by the Court of Appeals in the case of Ackerman v. True, 175 N. Y. 353, 67 N. E. 629; and the conclusion was expressed by the court that the authority which resulted in the park department to regulate the matter of erections and projections upon these streets did not extend to an encroachment upon the streets of a permanent character, such as would amount, more or less, to the taking of the street for uses other than those of a public highway. In the case referred to the encroachment sought to be authorized took the form of an extension of the building line; and I can find no reasonable ground for distinction between an encroachment of that character and the structure erected by the defendant in the present case. One, in its general character, is as permanent as the other, and, if it might be said that an ornamental wall seven or eight feet high might be built beyond the building line, the power to permit such an encroachment could not well be limited to a wall of any height; and the result would be the same, so far as the public rights are concerned, whether the encroachment be in the form of a substantial inclosing wall or of the outer wall of a house. The case of Wormser v. Brown, 149 N. Y. 163, 43 N. E. 524, relied upon by the defendant, where the court upheld a permit to erect a bay window upon premises within the jurisdiction of the park department, was distinguished in Ackerman v. True; and the ground of distinction, as adopted in the latter case, is quite clearly such as to render it unavailing now as an authority in support of the defendant's claim in the present action. If the question is to be determined with regard to the similarity of the facts in the case at bar to the facts in the Ackerman or the Wormser Cases, respectively, and without regard to the general principles announced

in the Ackerman Case as applicable to the whole subject, my conclusion must be that the structure in the present case more nearly approaches an extension of the building line than a mere projection upon an established building line, and that the later expression of judicial opinion in the Ackerman Case controls the disposition of the controversy between the parties before me.

The provisions of the charter of 1901, referred to by the defendant as granting broader powers to the park commissioners than were possessed by them under the prior statutes, in effect at the time of the matters which were the subject of the litigation in Ackerman v. True and in Wormser v. Brown, do not really affect the case. The permit obtained in the year 1900 by this defendant was, as I must hold, void and of no effect. Thus the fact that it was not revoked gives it no added virtue; and, if the charter of 1901 did give broader powers to the park commissioners, those powers, until exercised, could be of no benefit to the defendant. If the power to permit the maintenance of this wall existed, as is contended, under these later statutory provisions (Charter 1901, Laws 1901, p. 28, c. 466, § 50), discretion of a judicial nature was to be exercised by the commissioners; and, without the exercise of that discretion, the mere fact that the power existed to exercise it could not, of course, afford a warrant for the defendant's maintenance of a structure not expressly authorized by law. It is proper to note, however, that the provisions of the charter of 1901 upon this subject were considered by the court in Ackerman v. True, supra, and it was held:

"The Legislature did not intend thereby to confer upon a member of the park board the right to permit an abutting owner upon any of the streets of the city, whether within any park or outside, to encroach upon the street by the erection of permanent and substantial structures thereon."

I find no reason for holding that the plaintiff should be restricted to such remedy as exists by law in the form of an arbitrary removal by it of the structure which is claimed to constitute a public nuisance. Upon the facts presented in this case, resort to equity appears to be a more orderly procedure; and the power of the court to grant equitable relief in such a case is not well open to question. Wheelock v. Noonan, 108 N. Y. 179, 15 N. E. 67, 2 Am. St. Rep. 405; Village of Oxford v. Willoughby, 181 N. Y. 160, 73 N. E. 677. My conclusion is that, whatever may have been the opinion of the park department or of its commissioner at the time of the erection of this wall, as to the artistic beauty of the structure and as to its desirability in connection with the existing plan and embellishment of Riverside Drive, permission to the defendant to erect and maintain the wall could not lawfully be granted by the permit in evidence, and that there should be judgment for the plaintiff for the relief demanded in the complaint, but without costs.

Form of decision may be presented substantially as proposed by the plaintiff, with the addition of findings proposed by the defendant and noted by me as "found" upon findings submitted and left with the clerk.

Judgment for plaintiff, without costs.