# Radney *v.* Town of Ashland.

### Bill to Abate a Nuisance.

(Decided April 5th, 1917.   75 South. 25.)

1. **Nusance; What Constitutes; Inflammable Building.**—A vast majority of the houses in a section of the country are built of pine, and a large percentage of them are old and somewhat dilapidated; reason and sound policy concur with judicial opinion in denying that they are nuisances per se, even in towns and cities.

2. **Nuisance; What Constitutes; Inflammable Building.**—The use of a dilapidated frame building for the lawful business of a livery and feed stable or an automobile garage, with the incidental storage of feed stuffs and gasoline, does not constitute a nuisance per se, although its maintenance may increase the fire risk of neighboring houses.

3. **Nuisance; What Constitutes; Inflammable Building.**—In order to render a building a nuisance, by reason of the exposure of other buildings to danger from fire, the hazardous character of the business must be unmistakable, the danger imminent, and the use of such an extraordinary and hazardous character as to leave no doubt of the nuisance.

4. **Nuisance; Abatement; Pleading; Sufficiency.**—In bill for abatement of nuisance, allegations that the nuisance consists of a barn which is liable to catch fire and is a perpetual subject to fire are demurrable for failure to show that the danger from fires is either imminent or probable.

5. **Nuisance; Abatement; Pleading; Sufficiency.**—In determining sufficiency of allegations to warrant abatement of nuisance, it is immaterial whether the nuisance is private or public in its character.

[Radney v. Town of Ashland.]

6. Nuisance; Abatement; Right to Abatement; Interest.—A city, on showing that a city jail is in imminent danger of destruction by fire on account of the inflammable character of another building and its contents, may maintain suit to abate the alleged nuisance.

7. Nuisance; Abatement; Extent of Relief.—If a building lawfully erected becomes a nuisance only because of the mode of its use, it cannot be destroyed or removed, and only the business or use can be suppressed.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Bill by the town of Ashland against T. H. Radney, to abate and remove an alleged public nuisance. Decree for complainant, and respondent appeals. Reversed, rendered, and remanded.

The bill shows that respondent owns a lot near the public square of the town, and near four or five business houses, upon which he maintains a large barn, built of pine timber, and old and somewhat dilapidated, which, owing to its age and the materials of its construction, and to the further fact that it is used as a livery barn and automobile garage, and that large quantities of hay, fodder, and other feed stuffs are stored therein, is perpetually subject to fire; and that by reason of the inflammable condition of the barn and its contents, it is liable at any time to originate a disastrous fire in the town of Ashland, and that it is public nuisance. It is further shown that this barn is within 10 feet of one store, and within 20 feet of other stores, and is within 30 or 40 feet of the county jail, and still nearer to the city jail, in both of which jails prisoners are kept; and that a fire originating in said barn at night would be liable to ignite both of said jails, and destroy the prisoners, and be communicated to nearby residences, as well as to the business part of the town, and hence to endanger the lives and property of the people of Ashland. It is alleged that complainant had requested respondent to abate the nuisance, but he has refused to do so. The prayer of the bill is that the barn be decreed to be a public nuisance, and ordered to be abated, and that unless respondent immediately removes said barn as a nuisance, the same shall be removed at the expense of said Radney, either by the sheriff of the county, or by the authorities of the town of Ashland. There was also a prayer for general relief. The demurrer assigned to the bill contained the following grounds: First, That it is without equity; second, it does not show a public nuisance; third, it does not show special or peculiar injury to the complainant;

fourth, it does not show a private nuisance; fifth, it does not show that the alleged destruction by fire will be a natural or inevitable consequence of the maintenance of the barn, and it does not show that the alleged danger by fire is imminent.

JACOB A. WALKER for appellant.  LACKEY & ROWLAND for appellee.

SOMERVILLE, J.— (1) A vast majority of the houses in this section of the country are built of pine, and a large percentage of them are more or less old, and "somewhat dilapidated." Reason and sound policy concur with judicial opinion in denying that such buildings, even in towns and cities, are per se nuisances.—*Baumgartner v. Hastay*, 100 Ind. 575, 50 Am. Rep. 830; *City of New Orleans v. Lagasse*, 114 La. 1055, 38 South. 828; 2 Wood on Nuisances (3d Ed.) § 746.

(2) Nor does the use of such a building for the carrying on of the lawful business of a livery and feed stable, or an automobile garage, with the incidental storage of feed stuffs and gasoline, constitute a nuisance per se, although its maintenance may increase the risk of fire to neighboring houses.—*Harris v. Randolph Lumber Co.*, 175 Ala. 148, 57 South. 453; *Rouse v. Martin*, 75 Ala. 510, 51 Am. Rep. 463; *Duncan v. Hayes*, 22 N. J. Eq. 25; 1 Wood on Nuisances (3d Ed.) § 148.  See, also, *Ray v. Lynes*, 10 Ala. 63.

(3) We think the proper test of a nuisance in such cases is stated by Mr. Wood in the text just above cited as follows:  "In order to render a building a nuisance, by reason of the exposure of other buildings to danger from fire, the hazardous character of the business must be unmistakable, the danger imminent, and the use of such an extraordinary and hazardous character as to leave no doubt of the nuisance.  The mere fact that the business carried on there is of a hazardous character, and largely increases the rates of insurance upon surrounding property, is not sufficient; it must appear, not only that the business or use to which the building is applied is hazardous, but also that it is conducted in such a careless manner, or in such a locality, as to make injurious results probable."

The author says, further, after reviewing the case of *League v. Journeay*, 25 Tex. 172, that though "the court do not pass directly upon the question as to what degree of hazard from fire

[Radney v. Town of Ashland.]

must be proved in order to make a use of property a nuisance, there can be no question that it must be of such as makes dangerous results probable rather than possible."

An apt example of such use will be found in the case of *Fields v. Stokley*, 99 Pa. 306, 44 Am. Rep. 109.

(4) It may be conceded that the bill of complaint sufficiently shows that other buildings in the near vicinity of this barn, and thereby also much of the business section of the town, are in imminent danger of destruction if the barn itself should burn. But this is conditional and does not meet the requirement, for the allegations that the barn is "liable" to catch on fire, and is "a perpetual subject of fire," do not show that that necessary beginning is, by reason of any accompanying conduct or conditions, either imminent or probable. We hold, therefore, that the bill is demurrable for want of such a showing, and that the demurrer was improperly overruled.

(5) In this aspect of the case, it is of course immaterial whether the nuisance be private or public in its character. We remark, however, that the generality of the peril shown by the bill is sufficient to render the building a public nuisance, if it be a nuisance at all.—*Fields v. Stokley*, 99 Pa. 306, 44 Am. Rep. 109.

(6) We need not, however, determine whether, for a public nuisance within its boundaries, but without special injury to the municipality as such, the municipality could, in its own name, sue for its abatement (see *Lonoke v. Chicago, etc., Ry. Co.*, 92 Ark. 546, 123 S. W. 395, 135 Am. St. Rep. 200, so affirming, and 21 A. & E. Ency. Law 710) for the bill shows a special interest and right by reason of the danger (if sufficiently shown) to the property of the municipality itself, or at least to a municipal institution, viz., the city jail. So, the municipality stands in this respect in the position of any individual.—21 A. & E. Ency. Law 710.

In what we have said we are not to be understood as laying down a rule which would thus narrowly restrict municipal legislation for the general safety of the people. Large powers to this end have been conferred by special charters, and section 1264 of our Code declares that: "The council shall have authority to prescribe fire limits in any city or town, and buildings of wood or other inflammable material shall not be erected therein; they

[Eiland v. Frost, McGhee & Co.]

may do all things necessary to prevent conflagration and give security to the inhabitants of the city or town from fires."

(7) The bill does not show that the town of Ashland, in the exercise of such powers, has, by general ordinance, inhibited the conduct and conditions here complained of, and we have no such question before us. But in any case, it is important to observe that a building which was lawfully erected, and is a nuisance only because of the mode of its use, cannot be destroyed or removed. Only the business or use can be suppressed.—*Cuba v. Miss. C. O. Co.*, 150 Ala. 259, 43 South. 706; 2 Wood on Nuisances, §§ 744, 745. In short, the remedy reaches no further than the necessity of the case demands. Many illustrative cases are collected in the note to *Evansville v. Miller*, 146 Ind. 613, 45 N. E. 1054, 38 L. R. A. 161, 166.

Let the decree of the county court be reversed, and one here rendered sustaining the demurrer to the bill of complaint, with remandment for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.