**HAYNES et al. v. HEDRICK et al.**
(No. 8485.)

(Court of Civil Appeals of Texas. Dallas. . July 3, 1920.)

1. **Nuisance ⊜⇒32—Petition to enjoin construction of building for factory purposes held insufficient.**

In suit to enjoin construction near plaintiffs' premises of building to be used as a bed spring and mattress factory, on the ground that it would constitute a nuisance, petition alleging merely that the operation of such a factory would "constitute a nuisance and would work great hurt, inconvenience, discomfort and damage" to the plaintiffs and their neighbors, without alleging wherein it would constitute a nuisance or cause inconvenience or injure plaintiffs or their property, *held* insufficient.

2. **Nuisance ⊜⇒3(5)—Bed spring and mattress factories not a nuisance per se.**

A building for the manufacture of bed springs and mattresses is not a nuisance per se.

3. **Pleading ⊜⇒8(3) — Allegation of nuisance held a mere conclusion.**

An allegation that a factory constitutes a nuisance, is the mere pleading of a conclusion.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Suit by W. M. Haynes and others against W. C. Hedrick and others. Judgment of dismissal, and plaintiffs appeal. Affirmed.

Parks, Hall, Hurt & Kveton, of Dallas, for appellants.

Henry P. Edwards, and Cockrell, Gray, McBride & O'Donnell, all of Dallas, for appellees.

RAINEY, C. J. Appellants sued to restrain appellees from building a house, a bed factory, and presented their petition to the district judge of the Sixty-Eighth district of Dallas county, who, upon hearing, sustained a general demurrer to appellant's petition, and upon appellant refusing to amend dismissed the cause of action, from which this appeal is taken.

The petition for an injunction reads:

"The State of Texas, County of Dallas.

"To the 68th Judicial District Court of Texas, in Dallas County: W. M. Haynes, W. H. Mitchell, Walter Busby, Lula Spivey, Simon Tobian and Mrs. A. L. Simpson, hereinafter styled plaintiffs, complaining of W. C. Hedrick and W. C. Hedrick Construction Company, hereinafter styled defendants, represent and show to the court:

"(1) That the plaintiffs each reside in Dallas county, state of Texas. That the defendant Hedrick Construction Company is a corporation duly incorporated and is represented in Dallas county, state of Texas, by —— as its local agent and he resides in said county. That the defendant W. C. Hedrick resides in Tarrant county, state of Texas, but is temporarily to be found in Dallas county, Tex.

"(2) That the defendant W. C. Hedrick or the defendants W. C. Hedrick and Hedrick Construction Company are the owners of the following described land, lots numbers 1, 2, and 3 in block 472–A, Middleton Bros., Central Avenue addition to the city of Dallas, Tex., situated in the city and county of Dallas, state of Texas, the said property being surrounded, near to and in close proximity to the place of residence of each of the plaintiffs herein and of many other residences in that immediate vicinity. That Mrs. A. L. Simpson has her residence and resides with her family on lot No. 4, that the plaintiff W. M. Haynes resides with his family on lot No. 5, that —— Mitchell resides with his family on lot No. 6, and plaintiffs Busby, Spivey and Tobian reside on other lots in the immediate vicinity, all in said block, and the plaintiffs and each of them have had their homes and residences in that vicinity for a long time last past undisturbed by and without annoyance from manufacturing establishments such as iron-clad or tin buildings with bed spring and mattress factories therein and undisturbed by such nuisances and the noise and sound emanating therefrom, and which will naturally emanate therefrom in the conduct of said business, and especially the said business situated in an iron-clad or tin building. That heretofore the —— day of June, A. D. 1920, the defendant or defendants applied to the commission or the city of Dallas for a permit to erect and construct an iron-clad or tin building covering 14,000 square feet of floor space on said lots Nos. 1, 2, and 3 in said block No. 472–A in said addition, and the said defendants are now preparing to construct the said nuisance, the said unsightly building, for the purpose of carrying on or have carried on therein what is commonly known as a bed factory, and if the said iron-clad or tin building should be erected, so near to the property of the plaintiffs, and should be used for said purpose or for conducting a manufacturing business therein, the same will constitute a nuisance and would work great hurt, inconvenience, discomfort, and damage to all of the plaintiffs herein as well as to their immediate neighbors residing in said community, and will greatly depreciate the value of the property of the plaintiffs, and will result in a multiplicity of suits at law for damages, and the defendants will immediately commence the construction of the said building and will construct the same for said purposes unless they are restrained by this court's most gracious writ of injunction from so doing, and the plaintiffs will suffer irreparable loss and injury and the plaintiffs herein have no adequate remedy at law to protect themselves from the physical and mental discomfiture that will arise from the erection of said building and from the depreciation in value of their said respective homes and homesteads unless said writ of injunction shall be granted herein restraining the defendants from constructing the said iron-clad or tin building upon said premises and from conducting a bed, spring and mattress factory therein or any other like business.

"Wherefore plaintiffs pray that they be permitted to prosecute this suit collectively to

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

prevent the said nuisance and that the court grant unto them its most gracious writ of injunction restraining the said defendants from constructing the said building for which they have secured a permit from the city of Dallas and under the permit upon which they are commencing the construction of the same and from constructing any other similar manufacturing establishment at said place and from in any otherwise constructing any building upon said lots Nos. 1, 2 and 3 or either of them to the discomfiture, annoyance, inconvenience and damage of the plaintiffs herein; and plaintiffs pray for all costs of this suit, and plaintiffs pray for all such other and further relief to which they may be entitled, either at law or in equity, and they will ever pray.

"Parks, Hall, Hurt & Kveton,
"Attorneys for Plaintiffs.

"W. M. Haynes, after being duly sworn by the undersigned authority, says on oath that the facts set forth in the foregoing petition are true. W. M. Haynes.

"Subscribed and sworn to by W. M. Haynes, before me, this the 10 day of June A. D. 1920. R. L. Hurt, Notary Public in and for Dallas County, State of Texas."

The only question for solution is: Is the petition in this case subject to general demurrer, or does it state facts that required the court to overrule the demurrer and allow the appellant leave to amend his petition and set up a cause of action? We think the court was eminently correct in this ruling, and, as appellant refused to amend his petition there was no other alternative than to dismiss the cause of action, as nothing remained for him to try.

In Cyc. vol. 29, on page 1222, the rule governing the granting of injunctions is thus stated:

"The general rule is that an injunction will be granted only to restrain actually existing nuisances, and not to restrain an intended act on the ground that it may become a nuisance; and, although where an act or structure will necessarily be a nuisance for which there can be no adequate remedy at law, a court of equity may interfere by injunction to prevent the threatened injury, a mere prospect of future annoyance or injury from a structure or instrumentality, which is not a nuisance per se is not ground for injunction, and equity will not interfere where the apprehended injury or annoyance is doubtful, uncertain or contingent. So the erection or alteration of a building for a lawful purpose will not be restrained where it is not shown that it will necessarily be a nuisance nor will the erection of a building not in itself a nuisance be enjoined on the ground that certain uses to which it is alleged that it is to be devoted will constitute it a nuisance where it is neither alleged nor proved that the building could not be devoted to other uses which would not constitute it a nuisance. So also an injunction against a legitimate business will not be granted because it is feared that it may become a nuisance, for the presumption is that it will be conducted in a proper manner; but in order to warrant an injunction it must appear that the operation of the business will be necessarily a nuisance."

[1] Measured according to this rule, there is nothing in the petition which legally or equitably demands the attention of a court.

It is true that it is alleged that the inhabitants living in the surrounding houses will be annoyed by the construction of a nuisance in the operation of a bed spring and mattress factory therein instituted, and the carrying on of such manufacturing business will constitute a nuisance and would work great hurt, inconvenience, discomfort, and damage to all of plaintiffs herein as well as their neighbors and result in a multiplicity of lawsuits, which would cause plaintiffs irreparable loss, etc.

It is to be noted that no fact is stated which constitutes a nuisance, or how inconvenience will arise, or how plaintiffs will be injured, or how property is to be damaged or in what amount. In all these respects these matters are all necessary to be stated by appellant. Shamburger v. Scheurrer, 198 S. W. 1070; Dunn v. City of Austin, 77 Tex. 139, 11 S. W. 1125; Sanders v. Miller, 52 Tex. Civ. App. 372, 113 S. W. 996; Robinson v. Dale, 62 Tex. Civ. App. 277, 131 S. W. 308; Strieber v. Ward, 196 S. W. 720.

[2, 3] A building for the manufacture of bed springs and mattresses is not a nuisance per se. The conducting thereof is a lawful business, and to constitute a nuisance it must be operated in such a manner as to constitute a nuisance. There is no statement of fact which states it is a nuisance, and the allegation that it will be so operated that it will become one is wanting in force, and, there being no offer to amend the petition, the court was correct in sustaining a general demurrer. The allegation that it is a nuisance is but a conclusion of the pleader.

The foregoing authorities support the views expressed by this court.

The use to which the building was to be put was that of manufacturing bed springs and mattresses, and, if in the future the operation of said plant should create a nuisance, these appellants can resort to the courts for an abatement.

The judgment is affirmed.