VILLAGE OF BENNINGTON *v.* GEORGE M. HAWKS.

May Term, 1926.

Present: POWERS, SLACK, BUTLER, and FISH, JJ., and MOULTON, Supr. J.

Opinion filed October 16, 1926.

*Equity—Juridiction—Abatement of Public Nuisance—Pleading of Facts Rather Than Conclusions Necessary—Pleading—Insufficiency of Allegations of Public Nuisance—Municipal Corporation—Parties to Suit to Abate Nuisance Created in Violation of Village Ordinance.*

1. Jurisdiction of court of chancery is essentially civil, and it will not, as a rule, interfere to prevent commission of a crime or to enforce penal or criminal laws, but fact that result will amount to restraint of crime will not prevent court from acting whenever other facts afford a basis for the exercise of its jurisdiction on recognized grounds.

2. While mere violation of a village ordinance by moving and altering building without a permit does not give rise to remedy in equity, where situation created by such violation amounts to a public nuisance, in view of G. L. 4135, court of equity has

jurisdiction to restrain its continuance and enforce its abatement.

3. Where moving and altering a building is claimed to be a public nuisance, in suit to abate such alleged nuisance rules of good pleading require that the particular facts or circumstances that give character to structure be alleged, so that court may see for itself what that character is.

4. Bill alleging creation of a public nuisance by moving and altering building, in that all other buildings in its vicinity were thereby in grave danger of destruction by fire in case of fire in any of them, because building in question was connecting link in communication of fire from one building to another, and that building was so located as to obstruct work of firemen in attempting to put out such a fire, *held* insufficient, because alleging results without giving sufficient details so that court can determine whether such results are reasonably to be expected.

5. Suit brought in name of village to abate public nuisance, alleged to have been created by moving and altering a building in violation of a village ordinance, *held* properly so brought, as G. L. 4135, authorizing trustees to "prefer" bill, means that they are to bring matter to court's attention by bill in name of village.

APPEAL IN CHANCERY. Heard on bill, demurrer, and defendant's motion to dismiss, at the December Term, 1925, Bennington County, *Chase,* Chancellor. The court, acting *pro forma,* overruled defendant's motion to dismiss, sustained demurrer, and dismissed bill, and to court's action in ordering bill dismissed plaintiff excepted, and appealed therefrom. *Affirmed and remanded.*

*Collins M. Graves* and *George L. Hunt* for the defendant.

*Francis E. Morrissey* and *Robert E. Healy* for the plaintiff.

POWERS, J.: [1, 2] The jurisdiction of the court of chancery is essentially civil. It will not, as a rule, interfere to prevent the commission of a crime or to enforce penal or criminal laws. The fact, however, that the result will amount to a restraint of crime will not prevent the court from acting when-

ever other facts afford a basis for the exercise of its jurisdiction on recognized grounds. In other words, criminality neither affords a basis for, nor does it oust the jurisdiction of the court of chancery. The mere fact, then, that this defendant violated an ordinance of the plaintiff by moving and altering his building without a permit does not give rise to a remedy in equity against him. But his violation of the ordinance may have created a situation amounting to a public nuisance, in which case, by force of the statute (G. L. 4135) if not otherwise, the court of equity has jurisdiction to restrain its continuance and enforce its abatement. So the real question for determination here is, do the allegations of this complaint, which is demurred to, show that the defendant has created a public nuisance? An affirmative answer to this question being necessary to sustain the jurisdiction of the court appealed to, the question of the validity of the ordinance and the fact of its violation are wholly unimportant.

[3, 4] The only allegations in the bill that can be relied upon to show that the defendant has created a public nuisance are those to the effect that he has placed the building in such a position that all the other buildings in its vicinity are in grave danger of destruction in case of fire in any one of them, because this building would be a connecting link in communicating such fire from one building to another, and that this building is now so located as to obstruct the work of the firemen in their attempt to put out such a fire. There is no allegation showing the size or height of the building in question, the material of which it or its roof is made, the character, use, or materials of the adjacent buildings, or its distance from them.

A building, even if made of wood and located in a prohibited area, is not a nuisance *per se.* *St. Johns* v. *McFarlan,* 33 Mich. 72, 74, 20 A. R. 671; *Radney* v. *Ashland,* 199 Ala. 635, 75 So. 25, 26, 26 L. R. A. 1917E, 366; 2 Wood, Nuisances, § 746. If such a building is a nuisance at all, it is a nuisance *per accidens,*—because of its use, location, surroundings, or other circumstances. *Shamburger* v. *Scheurrer* (Tex. Civ. App.), 198 S. W. 1069; 29 Cyc. 1154. It follows that the rules of good pleading require that the particular facts or circumstances that give character to the structure be alleged, that the court may see for itself what that character is. Thus, it is not enough to allege that a building is a nuisance, for this is nothing more than the

conclusion of the pleader. *Thebaut* v. *Canova,* 11 Fla. 143; *Hayes* v. *Hedrick* (Tex. Civ. App.), 223 S. W. 550, 551; *Shamburger* v. *Scheurrer, supra.* It is not enough to allege that the building increases the danger of fire to the surrounding building. 1 Wood on Nuisances, § 148; *Duncan* v. *Hayes,* 22 N. J. Eq., 25, 30; *Shamburger* v. *Scheurrer, supra; Radney* v. *Ashland, supra.* That is a result that necessarily follows the erection of any building in the thickly settled part of a city or village, except it be a strictly fireproof structure. In order to make the increased fire hazard a basis for declaring a building a public nuisance, it must be shown that it unnecessarily and unreasonably increases that hazard. *Shamburger* v. *Scheurrer, supra.* Its hazardous character must be unmistakable and the dangers therefrom so imminent and extraordinary as to make an irreparable result probable rather than possible. Such cases, obviously, are rare and the allegations must be such as to make a clear case. *Shamburger* v. *Scheurrer, supra; Manchester* v. *Smyth,* 64 N. H. 380, 384, 10 Atl. 700; *Radney* v. *Ashland, supra;* 1 Wood, Nuisances, §§ 148, 149. Just how far the hazard must be increased, it is, of course, impossible to state, as each case must, on account of the infinite variety of circumstances that may be involved, be dealt with on its own facts.

The bill before us is insufficient. It alleges a result but gives insufficient details by which we can determine whether that result is reasonably to be apprehended. It is not enough to allege that certain consequences will follow the conditions stated, though those consequences would justify a resort to the court of chancery. The facts must be so far set forth that the court can see that such consequences are reasonably to be expected. *Adams* v. *Michael,* 38 Md. 123, 17 A. R. 516, 519; *O'Reilly* v. *Perkins,* 22 R. I. 364, 48 Atl. 6; *Radney* v. *Ashland, supra.*

What has been said regarding the increase of the fire hazard applies with equal force to the claim that the building in question will be an obstruction to the work of the firemen in case of a fire in that vicinity.

[5]   We think the suit is well brought. G. L. 4135 does not mean that the trustees should appear as complainants. They are to "prefer" the bill; that is to say, they are to bring the matter to the attention of the court (Bouv. Law Dict., Rawle's Third Rev. 2662) by a bill in the name of the village. There are cases, like *Board of Health* v. *St. Johnsbury,* 82 Vt. 276, 282,

73 Atl. 581, 23 L. R. A. (N. S.) 766, 181 Ann. Cas. 496, where the statute authorizes suit in the name of the acting officers; but under a statute like the one here in question, the action is the ordinary suit in the name of the municipality. See *Oxford v. Willoughby*, 181 N. Y. 155, 73 N. E. 677.

*Decree affirmed and cause remanded. Let the complainant apply for leave to amend if it be so advised.*