LOUIS A. KLOOR, JR., Respondent, *v.* NEW YORK HERALD COMPANY, Appellant.

Second Department, February 17, 1922.

Libel — when publication not libelous per se — statement that plaintiff's fiancee broke engagement because plaintiff's income was too small not libelous per se.

In determining whether an article published in a newspaper is libelous *per se*, the plain, obvious meaning of the article cannot be altered or changed by innuendo. The test is whether to the mind of an intelligent man the language used is open to the interpretation sought to be applied to it and the entire article must be read, including the headlines, in construing it.

An article published in the defendant's newspaper which stated, among other things, that plaintiff was preparing to marry the sister of his former *fiancée*, after such former *fiancée* had announced the breaking of their engagement and explained that the pay of the plaintiff as a naval lieutenant was insufficient to support the home she had in mind, did not justify the innuendo that plaintiff broke the engagement without cause or justification, and was not libelous *per se*.

APPEAL by defendant, New York Herald Company, from an order of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 10th day of December, 1921, granting plaintiff's motion for judgment on the pleadings.

*Archibald R. Watson* [*John M. Harrington* with him on the brief], for the appellant.

*Nathaniel Cohen,* for the respondent.

KELLY, J.:

The plaintiff moved for judgment upon the pleadings consisting of the amended complaint and defendant's demurrer thereto, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The Special Term granted the motion and defendant appeals. The action is to recover damages for an alleged libel in a newspaper article relating to the breaking of plaintiff's engagement and his subsequent engagement to marry the sister of his original *fiancée.* The article is set forth *in extenso* in the complaint. It seems unnecessary to repeat it here. It may be silly and in bad taste and a poor exhibition of alleged humor, but there is nothing in it which holds the plaintiff up to " public hatred, infamy, disgrace, ridicule and contempt," as he charges in his complaint, nor does the publication justify the innuendo that plaintiff is charged with breaking his original contract of marriage without cause or justification and that he transferred his affections to the sister whom he was preparing to marry. "A publication is not in and of itself libelous unless the language as a whole, considered in its ordinary meaning, naturally and proximately was so injurious to the " person of whom it is written " that the court will presume, without any proof, that his reputation or credit has been thereby impaired." (*O'Connell* v. *Press Publishing Co.,* 214 N. Y. 352.) The plain obvious meaning of the written article cannot be altered or changed by innuendo (*Fleischmann* v. *Bennett,* 87 N. Y. 231; *O'Connell* v. *Press Publishing Co., supra*); the test is whether to the mind of an intelligent man the language used is open to the interpretation sought to be applied to it (*Rossiter* v. *New York Press Co., Limited,* 141 App. Div. 339; *Church* v. *Tribune Association,* 135 id. 30); and the entire article must be read, including the headlines, in construing it (*Klaw* v. *New York Press Co., Limited,* 137 App. Div. 686; *Bresslin* v. *Sun Printing & Publishing Assn.,* 177 id. 92; *Lawyers' Co-op. Pub. Co.* v. *West Pub. Co.,* 32 id. 585). The sting in the publication is the alleged charge that the plaintiff broke the original marriage engagement without cause or justification. But the article contains no such statement. On the contrary, it expressly states that the original *fiancée* announced the breaking of the engagement and " explained that the pay of a naval lieutenant was insufficient to support the home she had in mind." Whether these financial considerations warranted the lady in breaking the engagement or not, certainly

they reflected no discredit on the plaintiff. If the lady refused to carry out her engagement for the reasons stated, and her sister had different views as to the importance of the financial consideration, as stated in the newspaper article, and so promised to marry plaintiff, I cannot see how this reflected any discredit or disgrace upon him. Taking the article as a whole I do not think it is libelous or that it justified the innuendo pleaded. I advise reversal of the order and denial of the motion.

The order granting plaintiff's motion for judgment upon the pleadings should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

BLACKMAR, P. J., JAYCOX, MANNING and KELBY, JJ., concur.

Order granting plaintiff's motion for judgment upon the pleadings reversed, with ten dollars costs and and disbursements, and motion denied, with ten dollars costs.