MARION GISE, an Infant, by HANNAH KENNY, Her Guardian ad Litem, Appellant and Respondent, *v.* THE BROOKLYN SOCIETY FOR THE PREVENTION OF CRUELTY TO CHILDREN, Respondent and Appellant.

(Argued April 26, 1933; decided May 23, 1933.)

*George F. Curtis* and *John F. Middlemiss* for plaintiff, appellant and respondent.

*Dimitri G. S. Eristoff* for defendant, respondent and appellant.

LEHMAN, J. The infant plaintiff asserts in her complaint two causes of action against the defendant for false imprisonment. The gravamen of the first cause of action is that the defendant, wrongfully and without any commitment by the court, detained the plaintiff, then a child fourteen years of age, from Saturday, September 14, 1929, until the opening of the Children's Court on September 16, 1929. The gravamen of the second cause of action is that the defendant wrongfully detained the plaintiff, under an order of the Children's Court committing the plaintiff as a material witness, from September 16, 1929, till she was released upon habeas corpus proceedings. The infant plaintiff was at the time of her commitment a child under the age of fourteen but no charge was made that she was neglected or delinquent, and the plaintiff claims that the Children's Court has no jurisdiction to commit a child as a material witness without a finding that the child was either neglected or delinquent.

The answer of the defendant contains denials and four affirmative defenses, of which the first was withdrawn by stipulation. These affirmative defenses were interposed to the complaint as a whole and not separately to either cause of action. Complete immunity from any liability was claimed on the grounds stated in these defenses. The second defense asserts that " this defendant was acting in the matter in the exercise of the power entrusted to it by law and in the attempted performance of the duty laid upon it by law as an auxiliary governmental agency for the prevention of cruelty to children and the enforcement of the laws relating to or affecting children and that this defendant is not answerable to the plaintiff for the same." The third defense asserts that detention

of the plaintiff both before and after the commitment was " pursuant to and in compliance with the laws of this State and the order of the Children's Court having jurisdiction of the person of the infant plaintiff herein." The fourth affirmative defense asserts that the commitment by the Children's Court is not subject to collateral attack. The plaintiff moved that " the answer to the complaint be treated by the court  *  *  *  as a nullity on the ground that it is frivolous  *  *  *  and that the court give judgment accordingly," etc. At Special Term the plaintiff's motion was denied. Upon appeal to the Appellate Division that court stated in its opinion: " The second cause of action is insufficient because we think that plaintiff's detention was under a valid process of the Children's Court. That court has jurisdiction to commit as a material witness a child under the age of sixteen years, even though such child is not delinquent, neglected, etc. The denials and defenses contained in the answer are insufficient in law as to the first cause of action and should be stricken out. The plaintiff is therefore entitled to judgment on the first cause of action for her damages to be assessed as above provided." (236 App. Div. 852.) An order was entered in accordance with the decision of the court which provided for the assessment of the plaintiff's damages on her first cause of action and for judgment dismissing the second cause of action.

No final judgment has been entered, but both parties have attempted to appeal from the interlocutory order. The plaintiff's appeal is confined to that part of the order which dismisses the second cause of action. The defendant's appeal is confined to that part of the order which grants judgment to the plaintiff upon the first cause of action. The Appellate Division, upon the defendant's motion, granted leave to appeal and certified three questions. The first question is: Does the statement of new matter contained in the second separate defense constitute a defense to the *first* cause of action set forth in the com-

plaint? The second and third questions are exactly the same except that they refer to the third and fourth separate defenses. Self-evidently no answer to these questions would have any relevancy in the determination of the sufficiency of the *second* cause of action. Upon the plaintiff's appeal these questions are purely academic. For that reason, as well as for the reason that so far as appears the plaintiff has never obtained leave to appeal, her appeal must be dismissed. (*Public Nat. Bank* v. *National City Bank*, 261 N. Y. 316.)

The certified questions are also not decisive of the defendant's appeal. The defendant maintains that the denials contained in the answer raise issues which must be tried before judgment in favor of the plaintiff can be granted, even assuming that no new matter in any of the separate defenses constitutes a defense to the first cause of action. The Appellate Division has certified no such question and we may not consider it as a ground for reversal. Even though that question be waived or put aside, the correctness of the order of the Appellate Division cannot be tested merely by consideration of whether the answer has alleged any defense to the first cause of action. The plaintiff has attacked the answer as an entirety, and it may not be treated as a nullity if it raises an issue or sets up a defense as to any cause of action alleged in the complaint.

True, the defendant has attempted to limit its appeal to that part of the order which grants judgment to the plaintiff; but that part of the order cannot be sustained unless the remainder of the order dismissing the second cause of action was also justified. The Rules of Civil Practice provide the manner in which a defendant may move for judgment dismissing a complaint or a cause of action stated therein. (Rules 106 and 107.) The defendant has not by motion or counter-motion sought to avail itself of this remedy. So, too, the rules provide the manner in which a plaintiff may move to strike out a

defense consisting of new matter or a sham or frivolous denial (Rules 109, 110 and 103), but the plaintiff has not chosen to avail herself of such remedy. The plaintiff's second cause of action has been dismissed without any motion by the defendant solely as an incident to plaintiff's motion made under rule 104. That rule provides: " If an answer or reply be sham or frivolous the court may treat the pleading as a nullity and give judgment accordingly." The attack under that rule is made upon the answer as a whole, not upon any separate part thereof. If the motion is granted without condition the court must give judgment as if no answer had been interposed. That is the purpose of the rule. The motion must be denied if the answer is not wholly bad; and if the answer is wholly bad the judgment given must accord with the allegations of the complaint. The provision in the order for judgment dismissing the second cause of action is inextricably intertwined with the provision of the order giving judgment in favor of the plaintiff on her first cause of action.

The attack upon the sufficiency of the answer " searches the record for the first fault in pleading and reaches back to condemn the first pleading that is defective in substance, because he who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept it. [Citing cases.] As ' a bad answer is good enough for a bad complaint,' it is necessary to examine the record to see whether the allegations of the complaint are sufficient to constitute a cause of action." (*Baxter* v. *McDonnell*, 154 N. Y. 432, 436.) Even if the answer be treated as a nullity, no judgment can be granted in plaintiff's favor if the complaint alleges no cause of action. The questions certified are so framed as to invoke the judgment of the court upon the law of the case as presented by the allegations contained in the first cause of action and in the affirmative defenses of the answer. (*Baxter* v. *McDonnell,* *supra.*) They are so framed as to exclude from our

consideration the allegations of the second cause of action and the answer thereto.

The dismissal of the second cause of action assumes that the answer even if " bad " was " good enough " to meet the allegations set forth in that part of the complaint. In effect the Appellate Division has ruled that the answer should nevertheless be treated as a nullity but that the judgment given accordingly should be limited to the first cause of action which in its opinion was the only cause of action sufficiently alleged. We cannot upon this appeal pass upon the question whether the court, upon a motion to treat the answer as a nullity, may give a judgment dismissing one cause of action contained in the complaint, without a counter-motion for such relief by the defendant and without the acquiescence of the plaintiff. That question is not before us. It is futile for the defendant to argue, as it does upon this appeal, that the courts below could not grant summary judgment in favor of the plaintiff upon her first cause of action and at the same time dismiss her second cause of action when that part of the order which dismisses the second cause of action is not before us.

There has not been any severance of the two causes of action. Perhaps upon a motion to treat the answer as a nullity there could be no such severance. The plaintiff has challenged the sufficiency of the answer as an entirety. The defendant has not challenged the sufficiency of either cause of action except perhaps as an answer to the plaintiff's challenge. We cannot determine the correctness of the order without passing upon the complaint as an entirety and the answer as an entirety, and since the certified questions and the form of the notice of appeal do not permit such a review the appeals should be dismissed, without costs.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Appeals dismissed.