PAUL M. REDINGTON *v.* FREDERICK H. BURNHAM.

Special Term at Rutland, November, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 10, 1934.

*William L. Scoville* for the plaintiff.

*Fenton, Wing, Morse & Jeffords* for the defendant.

POWERS, C. J.   This is a tort action predicated upon the bringing of a baseless action of contract by the L. A. W. Assur-

ance Corporation against the plaintiff herein. The defendant answered by way of a general denial and a *non accrevit* of three years. The plaintiff demurred to the latter. His demurrer was overruled, and he excepted.

It is argued by the defendant that the demurrer reaches back through the record and attaches to the first pleading bad in substance; and he insists that the complaint states no cause of action and consequently the plaintiff has demurred himself out of court. That a demurrer, though specific and special in form, does so reach back, even under the Practice Act, is settled by *Spaulding* v. *Mutual Life Ins. Co.*, 94 Vt. 445, 447, 111 Atl. 522; *Coates* v. *Eastern States Farmers' Exchange*, 99 Vt. 170, 178, 130 Atl. 709, and *Valcour* v. *Village of Morrisville*, 104 Vt. 119, 134, 158 Atl. 83. This is so here, because a bad answer is good enough for a bad complaint, and "he who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept it." *Gise* v. *Brooklyn Society, etc.*, 262 N. Y. 114, 186 N. E. 412, 414. But this rule is not ordinarily applied unless the party seeking to avail himself of it here asked the benefit of it in the court below. *Coates* v. *Eastern States, etc., supra.* The record before us does not show whether the defendant did or did not make this claim below. The most that can be said for it is that it leaves that question in doubt. So, construing the record against the excepting party, as we must under our well-known rule, it will be taken that the defendant made this claim below. The plaintiff makes no claim to the contrary.

So far as this defendant is connected with the grievances set forth in the complaint, the allegations thereof amount to this: The defendant, as agent of the Assurance Corporation, caused an attorney to bring the action hereinbefore mentioned. So far as the allegations show, this is all that he had to do with what followed. It is not charged that he knew that the suit was baseless, or that he gave directions about how the lawyer should proceed or knew anything about it. It is alleged that the lawyer, having filed a false statutory affidavit, issued a body writ against the plaintiff, caused his arrest, and obtained a cash settlement of the suit. But the lawyer was not the servant or agent of the defendant, and the latter was not responsible for his acts. The plaintiff may have a cause of action against the corporation, the officer who served the writ, the

lawyer who issued it, or even against the defendant. The trouble is, he has not set out in his complaint a cause of action. If any tort was committed by anybody, the complaint does not show that the defendant aided, advised, countenanced, or commanded it.

*Judgment reversed, pro forma, and judgment that the complaint is insufficient, and cause remanded. Let the defendant recover his costs in this Court, and let the plaintiff amend if he be so advised.*