### ASHMAN v. COLEMAN.
### No. 9162.

District Court, W. D. Pennsylvania.
Oct. 24, 1938.

Zehner & Allen, of Pittsburgh, Pa., for plaintiff.

S. Y. Rossiter, of Erie, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action in which plaintiff is seeking to recover from her divorced husband the cost of maintaining the minor son of the parties, who, after the divorce, remained in the custody and care of the plaintiff. A decree in divorce was entered in the Court of Common Pleas of Holmes County, Ohio, on September 18, 1918, but the statement of claim does not disclose whether the custody of the child was awarded to the plaintiff, or whether the child remained with her by mutual agreement of the parties. The plaintiff fixes the value of such maintenance at $6 per week, and allows credit for payments by defendant on account of such maintenance of $1620.

Defendant has filed a statutory demurrer in accordance with Pennsylvania practice, alleging the insufficiency of the statement of claim to set out a cause of action. The case was heard on this demurrer on September 19, 1938, after the effective date of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. By these rules (No. 7) demurrers were abolished; but by the provisions of Rule 12(b)(6), a defense may be made by motion averring the failure to state a claim upon which relief may be granted. In the interest of justice, we

therefore construe the statutory demurrer in the instant case to be a motion to dismiss for failure to state a claim upon which relief may be granted. See Rule 86.

Considering the statement of claim from this angle, we are of the opinion that it does state a cause of action. As we view the law, a legal obligation rests on a father to support his child, which is not impaired by a decree of divorce; and if he fails in that duty, the mother of the child who has maintained the child, may recover from the father in an original action a reasonable sum for necessaries furnished after the divorce decree. See Alvey v. Hartwig, 106 Md. 254, 67 A. 132, 11 L.R.A.,N.S., 678, 14 Ann.Cas. 250.

If the defendant desires a more definite statement or bill of particulars of any matter which is not averred with particular definiteness or particularity to enable him to prepare properly his responsive pleading, or to prepare for trial, he may move therefor within twenty days hereafter; otherwise he may, within such period, file his answer to the plaintiff's complaint.

PER CURIAM.

Now, October 24, 1938, defendant's statutory demurrer is dismissed and defendant is allowed twenty days from this date to answer the statement of claim or complaint herein, or file such other motions as may be allowable herein under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.