C. O. CHAMBERLIN

*v.*

HAROLD A. HATCH AND SINCLAIR REFINING COMPANY.

May Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 1, 1940.

*Edward J. Shea* and *Osmer C. Fitts* for petitioner.

*Barber & Barber* for defendant Hatch.

*H. G. Barber* for defendant Sinclair Refining Co.

JEFFORDS, J.  This is an action for a declaratory judgment under the provisions of the Uniform Declaratory Judgments Act, chapter 68 of the Public Laws.  The petition sets forth in substance that the plaintiff is the owner of a home located in an exclusive residential district in Brattleboro.  That the defendant Hatch is the owner of premises directly opposite those of the plaintiff and that this defendant has entered into a contract with the defendant Sinclair Refining Company to erect a gasoline filling and service station on his premises and has commenced building the same under a building permit obtained from the town of Brattleboro.  It is also alleged that prior to the bringing of the within petition the plaintiff petitioned the selectmen of Brattleboro to cancel the permit on the ground that the filling station when erected would constitute a public nuisance which petition was denied.

It is alleged that certain ordinances are in effect in the town of Brattleboro which declare a public nuisance to be a thing, act, failure to act, occupation or use of property which: (1) "Shall annoy, injure, or endanger the safety, health, comfort, or repose of any considerable number of persons; * * * (3) Shall unlawfully interfere with, obstruct, or tend to obstruct, or render dangerous for passage any public park, common, street or highway; (4) Shall in any way render any number of persons insecure in life or in use of property". It is also alleged that these ordinances for the abatement of nuisances provide in sec. 9, that: "No person shall allow dense smoke, noxious fumes, gas, soot, or cinders in such quantities as to render the occupation of property uncomfortable to a person of ordinary sensibilities". Under these same ordinances section 15 is set forth as providing that: "No person shall maintain or operate any electrical device or apparatus which shall cause unreasonable interference with radio receivers, within the town limits", etc.

Certain other ordinances of the town are set forth which in effect prohibit the keeping of gasoline and other named inflammable fluids in excess of 100 gallons in a thickly settled residential part of the town or in other parts of the town without a permit from the selectmen. It is then alleged that it is planned by the defendants to store gasoline and some of the other named fluids in excess of 100 gallons and in violation of the ordinances relating to the same.

There are allegations that the operation of the proposed filling station will result in noise, odors tending to depreciate the value of the property of the plaintiff and disturb the peaceful enjoyment of his home and will create an immense amount of dirt, dust and smoke which will penetrate into the house of the petitioner and render its occupancy uncomfortable and that the headlights of motor vehicles entering and leaving the proposed filling station will shine into the windows of petitioner's home causing great annoyance and prevent the peaceful and rightful use of his property. It is also alleged that the use of electric pumps, bells and air compressors will cause excessive noise and will interfere with radio reception and that the proposed station will interfere, obstruct or tend to obstruct and render dangerous to passage the street, sidewalk and highway adjacent to petitioner's premises.

There is also an allegation to the effect that the maintenance of the station and the storing of gasoline in excess of 100 gallons will greatly enhance the risk of fire to the petitioner's house and thereby increase the insurance as well as the danger of loss to the petitioner by reason thereof.

There are other allegations in the petition similar to the ones heretofore cited which need not be mentioned.

The plaintiff asked judgment that the Court determine:

A. That under and by virtue of the nuisance ordinances the erection of the proposed filling station in the neighborhood in question is, and will be, a nuisance *per se*.

B. Whether or not the defendants have a valid permit from the town of Brattleboro for the erection of said building.

C. Whether or not the ordinances relating to the storage of inflammable fluids is enforceable against the defendants.

Defendant Hatch filed an answer setting forth that the station has been completed and is now in operation so that the questions raised by the complaint have become moot; that the ordinances set forth are penal in nature; a denial of substantially all of the allegations as to the resulting consequences from the operation of the station and other pleas in bar not necessary to mention.

Defendant Sinclair Refining Company by its answer declared that the questions presented had become moot. The plaintiff demurred to each answer.

Hearing was had before the chancellor upon the pleadings who entered a decree overruling the several demurrers, adjudging the pleas of each defendant sufficient and dismissing the bill. The case is here on appeal and bill of exceptions of the plaintiff.

The demurrers of the plaintiff reach back through the record and attach to the first pleading bad in substance. *Redington* v. *Burnham*, 106 Vt. 114, 169 Atl. 908, and cases cited therein.

The first question to be determined is whether the allegations in the complaint show that the proposed filling station would, when erected and put in operation, constitute a public nuisance *per se* as being in violation of the nuisance ordinances above referred to.

It might be well to note at the outset and as an aid in determining this question that by the great weight of authority

it is held that a gasoline filling station, though erected in a residential district, is not a nuisance *per se.* 24 Am. Jur. 708, sec. 2; Anno., 124 A. L. R. 383.

In the complaint there are various allegations that the proposed station will be a nuisance but this is a mere conclusion of the pleader. *Village of Bennington* v. *Hawks,* 100 Vt. 37, 39, 134 Atl. 638. The facts must be so far set forth that the court can see that the claimed results or consequences are not based on mere fear or anticipation but are reasonably to be expected. *Village of Bennington* v. *Hawks, supra;* Anno. 124 A. L. R., *supra,* at page 385; 20 R. C. L. 478, sec. 91. An examination of the complaint shows that it is defective in this respect.

As far as sec. (1) is concerned there is no allegation that the proposed station will annoy etc. anyone except the plaintiff.

The statement in regard to obstructing and rendering dangerous the street and highway under sec. (3) is a mere conclusion of the pleader, there being no facts set forth which in any way showed the court that such a result would reasonably follow, and under the Hawks case, *supra,* this was defective pleading.

There is no allegation in the complaint bringing the case within sec. (4).

Under sec. (9) there is an allegation to the effect that the operation of the proposed station will produce dense smoke. There is no allegation that this station will be operated in a manner other than others of like nature and it is not a matter of common experience that dense smoke necessarily accompanies such operation. Indeed the contrary is the fact of the matter.

Under sec. (15) there is an allegation that the use of certain apparatus will interfere with radio reception. This again is a mere conclusion of the pleader.

From what we have said it is apparent that the court was correct in refusing to adjudge, under the allegations in the complaint, that the proposed station would be a nuisance *per se* under the ordinances in question.

The plaintiff in his briefs presents arguments and cites cases on two points only, viz: that the question of whether the station when erected would be a nuisance is not moot and that a petition for a declaratory judgment is a proper remedy. He

states in his brief that the sole issue in the case is the legality of the station as a nuisance. In view of what we have said it is unnecessary for us to pass on these questions. It might be well to state, however, that it has been held that this method of procedure is not the proper one for cases involving the subject matter of a nuisance. *Cuneo Eastern Press, Inc.* v. *Astrowsky,* 231 App. Div. 861, 246 N. Y. S. 510; *Ladner* v. *Segel,* 294 Pa. 368, 144 Atl. 274; Borchard, Declaratory Judgments, 115.

The plaintiff does not attempt in any manner to point out in his briefs any reasons why the court erred in refusing to pass judgment on questions B and C and none occur to us. These points not being briefed any claim of error in respect to the same is waived.

We cannot see that any good purpose would be served by remanding this case with leave to amend. If the operation and conduct of the station has been such as to cause legal damage to the plaintiff he may take such action as he may be advised.

*Decree affirmed.*