## GUNDER v. NEW YORK TIMES CO.

District Court, S. D. New York.

Feb. 14, 1941.

Lester Lyons, of New York City, for plaintiff.

Cook, Nathan, Lehman & Greenman, of New York City (Emil Goldmark, Louis M. Loeb, Irving Moskovitz, all of New York City, of counsel), for defendant.

CONGER, District Judge.

Plaintiff has moved for an order striking out all of the affirmative defenses in the answer as legally insufficient, and striking out specific paragraphs as irrelevant, etc.

■■ Although opposing the motion on the merits, defendant has challenged the sufficiency of the complaint, and asks that it be dismissed. Both under the state and federal practice, the principle is well settled that a bad answer is good enough for a bad complaint. In Baxter v. McDonnell, 154 N.Y. 432, at page 436, 48 N.E. 816, at page 817, it is stated: "The rule is that, on demurrer to an answer for insufficiency, the defendant may attack the complaint on the ground that it does not state facts sufficient to constitute a cause of action. [See cases cited]. A demurrer searches the record for the first fault in pleading, and reaches back to condemn the first pleading that is defective in substance, because he who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept it. [See cases cited] * * *." See also Gise v. Brooklyn Society for the Prevention of Cruelty to Children, 262 N.Y. 114, 186 N.E. 412. In Cheatham v. Wheeling & L. E. Ry. Co., D.C., 37 F.2d 593, 598, the court stated: "It is a settled, though oft-forgotten, rule that a plaintiff's demurrer to a defense tests his own pleading. * * * A motion to strike out pleadings or parts thereof as insufficient in law is the modern equivalent of a demurrer. Carmody, Pleading and Practice in New York, § 246. When addressed to a defense in the answer of a defendant or to a replication by a plaintiff, it opens up the whole record as a demurrer did of old.

"The rationale of this principle is that such an attack, whether by motion or demurrer, has to be based on, and necessarily presupposes, a sound pleading in behalf of the party making it. Otherwise, it would be futile to grant the relief, however great the infirmity of the pleading attacked might be." See also Gay v. E. H. Moore, Inc., D.C., 26 F.Supp. 749; Ashman v. Coleman, D.C., 25 F.Supp. 388.

The sound reasons underlying this rule are just as cogent since the advent of the new Federal Rules as they were before. A bad complaint tenders no issue and requires no answer. Thus it is necessary to examine into the sufficiency of the complaint at bar.

I am satisfied that no cause of action is stated in this complaint.

The first and second counts are addressed to a news item published by the defendant in certain editions of its paper, which described a judgment secured against the plaintiff in the New York Supreme Court by the trustee in bankruptcy of a corporation of which plaintiff was chairman of the board of directors. The plaintiff was found liable in that action for having voted for dividends out of capital.

Plaintiff has not charged that the whole article is libelous, but only the following sentence: "After these payments, aggregating $104,000 were made the company had remaining assets of only $93,471."

■ In a case such as this where only a specific portion of the writing is allegedly libelous, the whole article must be read in order to determine whether it is defamatory, and it must be construed as it would be by an average intelligent reader. Schwimmer v. Fox, 150 Misc. 562, 271 N.Y. S. 82, affirmed 242 App.Div. 625, 271 N.Y.S. 1099; Kloor v. New York Herald Co., 200 App.Div. 90, 192 N.Y.S. 465.

In the paragraphs of the article preceding the offending sentence, it is revealed that the amount of the judgment was $746,234, representing the losses caused by the illegal dividends, plus interest, less a sum paid by another defendant; that the aggregate losses were $569,471; that the corporation was capitalized at $750,000; and that the dividend referred to in the quoted sentence was voted on Dec. 3, 1927.

■ The sentence complained of is a part of the news item, of which the following is also a part, found in the headnotes: "Defendant Was Found Liable for Payments Out of Capital, Voted Against Law." Then follows the facts, figures and different items which go to make up the news article purported to be taken from the judgment rendered against the plaintiff herein, and further enumerates the times and dates when the court found the plaintiff had voted to pay dividends out of capital which caused the said loss of $569,471. No complaint is made to any other part of the article which certainly would be libelous, if not true.

In setting down one of the times when the plaintiff herein was found to have voted dividends out of capital, the writer apparently set down incorrect figures, and which this plaintiff claims libeled him. There is no dispute, however, that on this occasion plaintiff did violate the law by his action. His complaint is, apparently, that the figures are not correct.

I am unable to see how these incorrect figures libeled the plaintiff herein. They do not aggravate or add to the article in question; nor do they add anything to it by way of libelous matter. Certainly if

the entire article is not libelous, then this single sentence is not. Even if it is assumed that the sentence in question is susceptible of the meaning which the plaintiff ascribes to it, the balance of the article does not make this meaning. The article which is admittedly true reiterates the meaning of the sentence in question.

It seems clear to me that the sentence which the plaintiff objects to is at variance with the preceding material, because such a result, as outlined in the sentence, could not follow even if the entire dividend was out of capital, unless the capital previously had been impaired, a fact rebutted by the sense of the entire article. And it becomes quite obvious that the sentence itself is incorrect by what follows. In the remaining paragraphs five additional dividends are described as having been voted after the first, aggregating $440,000. This sum, it will be noted, equals many times the $93,000 of assets described as remaining after the first dividend, and the conclusion is inescapable that the sentence complained of is an error which becomes immaterial in the light of the entire article. As the court stated in the Schwimmer case [150 Misc. 562, 271 N.Y.S. 85], supra: "Any one reading the first sentence quoted will almost certainly read the two following. Taken together, they do not form sufficient basis for action, even though the first sentence be assumed false. The article must be taken as a whole in order to determine whether it is defamatory."

■ I find the innuendo charged in the complaint is unwarranted and must be disregarded. Hays v. American Defense Society, Inc., 252 N.Y. 266, 169 N.E. 380.

The third and fourth causes of action are substantially the same as the first two, except that in addition it is alleged that in subsequent editions the article carried a headline, "Insolvency to cost Chairman $746,234." The gist of these counts is that the use of the word "Insolvency" is erroneous and that in fact the corporation was not insolvent.

■■ The plaintiff does not deny, as the article states, that the corporation was bankrupt and I can conclude only that plaintiff raises a technical distinction between the two terms. For all practical purposes "Insolvency" means "Bankruptcy." Constitution, Art. 1, § 8, Cl. 4, U.S.C.A. It seems obvious that in the popular mind the two are synonymous. The same considerations apply here as in the first two

causes of action, and the whole article must be read together, including the headlines. The rule is well stated in Lawyers Co-Op. Pub. Co. v. West Pub. Co., 32 App. Div. 585, at page 590, 52 N.Y.S. 1120, at page 1123, where the court said: "Defamatory headlines are actionable, though the matter following is not, unless they fairly indicate the substance of the matter to which they refer; and such headlines prefixed to a report of a judicial decision or of judicial proceedings are no part of the report, but are, in effect, comments upon it, and are not privileged unless they are a fair index of the matter contained in a truthful report.

"In determining whether headlines prefixed to a report are fair, they and the matter to which they refer must be construed together. [See cases cited]."

■ Judging the alleged libelous headline complained of by this rule, and reading the article as a whole, it is clearly apparent that the headline is a fair index of the matter referred to, and, in my opinion, is not libelous.

Feeling as I do that the matter set forth in the complaint is clearly not libelous, I am constrained to dismiss the complaint. The motion, therefore, is denied, and plaintiff's complaint dismissed. Settle order on notice.