JAMES C. LENNEY et al., Plaintiffs, *v.* JONES AND LAUGHLIN ORE COMPANY, Defendant.

Supreme Court, Trial and Special Term, St. Lawrence County, June 22, 1949.

836

*Frank L. Cubley* (*Main, Pond & Main* of counsel), for plaintiffs.

*Tripp & Dunk* for defendant.

Imrie, J. Plaintiffs seek judgment against defendant for an accounting of its mining operations in the town of Clifton, St. Lawrence County, from 1941 to April 16, 1945, alleging such mining to be of ore " which, on an average, contains less than two equal third parts in value of iron ".

Plaintiffs have moved that defendant's amended answer be treated as a nullity, as being sham and frivolous and interposed for the purpose of delay, and, there then being no defense to the action, directing interlocutory judgment in their favor and against the defendant for an accounting to be heard and determined. Defendant has moved for an order precluding evidence, at the trial, of certain items specified in a previous demand for a bill of particulars. However, it was understood at the time of the submission of the several motion papers that the question to be briefed for determination by the court was whether plaintiffs have a cause of action under the Public Lands Law of 1909 and their notice of discovery filed with the Secretary of State on January 6, 1941.

In that notice plaintiffs set forth that they, " having discovered Platinum, Silver, Lead, Zinc, Iron, Tin and Copper, within the State of New York, hereby give notice thereof pursuant to the provisions of Section 83 of the Public Lands Law.

Said location is in the Towns of Clifton, Fine, Russell and Clare, St. Lawrence County, New York, and more specifically described as follows: [Here follows a description by town lines so drawn as to include the four above named towns]. The undersigned hereby claim said mine, and all rights, benefits and privileges as discoverer thereof, given by the statute in such case made and provided.''

Plaintiffs confine their claim for an accounting by defendant to the allegation that on or about 1941–1942, without their knowledge, consent or permission, defendant began mining in the town of Clifton, '' covered by said notice of claim '', and continued to mine thereon until April 16, 1945, taking ore '' which, on an average, *contains less than two equal third parts in value of iron,* all to the damage of plaintiffs.'' (Emphasis supplied.) Their theory appears to be that they could obtain and have obtained, by filing the notice of discovery, rights in any mine classed as belonging to the State.

They concede that their rights, if any, derive from the provisions of article 7 of chapter 50 of the Laws of 1909, as amended, and known as the Public Lands Law. Statutory references hereafter will be to that law (as it existed prior to its repeal by L. 1945, ch. 794, § 1) unless otherwise indicated.

In that statute the filing of notices of discovery is limited to mines or minerals '' upon lands belonging to the state '' and mines of '' gold or silver ''. (§§ 81, 83; Atty.-Gen. 1932, 205.) Mines other than of gold or silver, or upon lands belonging to the State, or described in section 80, belong to the citizen owner of the land. (§ 82.)

Chapter 745 of the Laws of 1894, supplementing chapter 317 of the laws of that year (Public Lands Law of 1894), specifically gave the discoverer the right to work '' a mine which is the property of the state '', by filing a notice of discovery with the Secretary of State and complying with other requirements. That statute was expressly repealed by article 12 of chapter 50 of the Laws of 1909. No similar provision was carried forward into the 1909 Public Lands Law further than as already stated.

Nor, under the Public Lands Law of 1909, could the discoverer of a mine, other than the owner of the land, acquire any rights therein until the owner, whether the State or a private person, gave permission for the working of such mine. (§ 84.)

If, as plaintiffs allege, the ore mined by defendant contained, on the average, '' less than two equal third parts in value of copper, tin, iron and lead, or any of those metals '', then it was the property of the people of this State in their right of sovereignty (§ 80) and, if, as appears clear, the statute gave them no

rights of discovery unless on lands belonging to the State, it would be the people of the State rather than plaintiffs who would be entitled to claim recovery from the defendant. (*Moore* v. *Brown,* 139 N. Y. 127.)

Even if it could be said that under the statute in question it was possible for the plaintiffs to acquire rights in mines or minerals of the character discussed, their notice of discovery was inadequate.

The only statement in the Public Lands Law of 1909 as to the form and content of a notice of discovery was contained in section 83. The notice was required to describe " particularly the nature and situation of the mine." In other words, the type and character of the mine and its location were to be set forth with particularity. Indefinite as was the statement of requirement, it is unreasonable to suppose that the Legislature intended to make possible a monopoly so extensive as to cover any finding of " Platinum, Silver, Lead, Zinc, Iron, Tin and Copper " in so great an area as was outlined in the notice filed, with no more definite specification of location to guide or warn other prospectors. St. Lawrence County contains approximately 2,772 square miles. Defendant's brief states the area of the four towns included in the so-called claim as being 360,000 acres or in excess of 560 square miles.

It must be concluded that plaintiffs' complaint fails to state a cause of action against the defendant for the following reasons:

Inasmuch as there is no allegation on the part of the plaintiffs that the defendant's iron mine is on lands owned by the State, the Public Lands Law of 1909 made no provision for the filing of a notice of discovery and gave the discoverer no pre-emptive rights in such a mine.

Plaintiffs allege no permission or consent of the owner of the lands to work any mine thereon.

Plaintiffs' so-called notice of discovery was insufficient in form and content, being too general in terms and failing to particularly describe and locate any mine.

Notable in the deficiencies of the statute in question was its failure to contain any requirement that the discoverer must, periodically, do some work on the prospect in order to conserve his rights. Nevertheless, the intent of all statutes permitting the private exploitation of valuable minerals is to provide for the production of such minerals for the public benefit. To approve the placing of a virtual lien of such indefinite nature upon so great an area and to approve inaction, for so long a

period of time, with respect to the rights claimed to be acquired by the filing of a notice of discovery, would defeat the intent of the statute and would run contrary to every dictate of equity and good faith.

Both upon the ground that the parties had conceded that the court's determination might go to the sufficiency of the plaintiffs' complaint and upon the ground that a motion to strike under rule 104 of the Rules of Civil Practice searches the record and brings into issue the sufficiency of the complaint (*Gise* v. *Brooklyn Soc. for Prevention of Cruelty to Children,* 262 N. Y. 114), I hold that defendant is entitled to an order dismissing plaintiffs' complaint as failing to state a cause of action against defendant.