CATHERINE BAUCO, Appellant, v. ST. ANTHONY OF PADUA ROMAN CATHOLIC CHURCH OF UTICA, Respondent.— Order affirmed, with costs. All concur. (Appeal from an order denying plaintiff's motion to set aside the verdict of a jury for no cause of action and for a new trial on the ground of newly discovered evidence, in a negligence action.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

MARY MASSARO, as Executrix of LUCY MASSARO, Deceased, Appellant, v. PETER MASSARO, as Executor of ANGELO MASSARO, Deceased, et al., Respondents.— Judgment affirmed, with costs. All concur. (Appeal from a judgment for defendants in an action to cancel conveyances of realty.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

In the Matter of the Accounting of DANIEL A. REIBOLD, as Administrator of the Estate of LYDIA REIBOLD, Deceased, Respondent. THOMAS L. McCRON, Appellant.— Decree insofar as it denies attorney's fees affirmed; in all other respects decree insofar as appealed from reversed on the law, without costs of this appeal to any party, and matter remitted to the Surrogate's Court for further proceedings in accordance with the memorandum. Memorandum: Decree insofar as it denies allowance of attorney's fees under section 231-a of the Surrogate's Court Act for legal services affirmed upon the ground that no benefit to the estate has been shown. In all other respects the decree insofar as appealed from is reversed. The accounts as filed contain many items not chargeable to Daniel A. Reibold as administrator. Many items improperly included in the account relate to the period during which Reibold was acting as agent for his tenant in common and upon which the Surrogate had no jurisdiction to pass or entertain objections thereto. The accounting period for the administration of the real estate ended March 31, 1946, but continued thereafter for all other purposes. The impossibility of segregation of the items included in the account requires that the decree be reversed and the matter remitted to the Surrogate's Court of Erie County for further proceedings in accordance with this memorandum. All concur. (Appeal from part of a decree settling the supplemental accounts of the administration of decedent.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

■

WILLIAM H. SIPSON, Appellant, v. ANTHONY ALOISIO, Respondent.— Judgment affirmed, without costs of this appeal to either party. Memorandum: The language of the contract between the plaintiff and defendant leaves no other inference than that the parties intended there should be no partition of the subject property. Equity will not award partition at the suit of one in violation of his own agreement. (*Chew* v. *Seldon,* 214 N. Y. 344.) While we hold that the contract is a complete defense to plaintiff's action for partition, we do not pass upon any other questions relating to the rights of the parties under their contract. All concur. (Appeal from a judgment dismissing plaintiff's complaint in a partition action.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.