VOCATIONAL GUIDANCE MANUALS, INC., Respondent, *v.* UNITED NEWSPAPER MAGAZINE CORPORATION et al., Appellants, et al., Defendants.

First Department, October 28, 1952.

*E. Douglas Hamilton* of counsel (*W. Clyde O'Brien* and *John G. McCarthy* with him on the brief; *Brown, Cross & Hamilton,* and *Nixon, Hargrave, Devans & Dey,* attorneys), for appellants.

*Samuel Wollan* for respondent.

COHN, J. The action is for damages for libel. Plaintiff, a corporation, is a publisher of a vocational guidance manual. The article complained of was published by defendant United Newspaper Magazine Corporation, and was distributed by the other two defendants-appellants. It bears a large, half-page illustration of two men and a housewife. One of the men carries in his pocket a piece of paper labelled " Order "; the other man carries two books labelled " Encyclopedia of Useless Information ". The point of the article is evidenced by its title " Look Out For Doorbell Bandits " and is apparently intended to warn people against practices of door-to-door canvassers. Various types of business practices are described and are characterized as " golden gimmicks ", " swindle ", " nefarious practices ", " dodge ", " crooked operators ", " unordered-merchandise and phony-bill-collector-rackets ". After specific illustrations of the above terms, it states: " NBBB [National Better Business Bureau] also reports that the fake C.O.D. unordered merchandise and phony bill-collector rackets are being worked today ".

It then continues: " There have been an increasing number of complaints in recent months to NBBB concerning unordered merchandise. In this dodge, a local merchant, jobber or out-of-town book publisher sends you merchandise which you didn't order. * * * Specifically, a textile company in New York is sending out four shirts to men on a sucker list, with a bill for $11.80. *A so-called vocational-guidance publisher is shipping sets of books to secondary schools throughout the country, without orders, and requesting payment in the amount of $11.83.* " (Emphasis supplied.)

Dismissal of the complaint for legal insufficiency is sought by defendants upon the ground that the alleged defamatory matter contains nothing libelous of plaintiff. Defendants maintain

that the allusion to plaintiff as a so-called vocational guidance publisher which had been sending its wares to persons who had not ordered them does not reflect upon plaintiff's business reputation because it is not considered injurious of a business corporation to charge that it is attempting to effect sales in that fashion.

It is the law that a corporation may maintain an action for libel without proof of special damages where, as claimed here, the charge is defamatory and it injuriously affects its business or credit. (*New York Society* v. *MacFadden Publications,* 260 N. Y. 167; *First Nat. Bank* v. *Winters,* 225 N. Y. 47, 53.)

For the purpose of determining the legal sufficiency of the complaint, its allegations must be accepted as true and must be interpreted in favor of the pleading. The entire article, including the headlines, are to be read in construing it. (*More* v. *Bennett,* 48 N. Y. 472, 476; *Sullivan* v. *Daily Mirror,* 232 App. Div. 507, 510; *Kloor* v. *New York Herald,* 200 App. Div. 90.)

Words standing by themselves may be incapable of a defamatory meaning, yet the same words, if found in bad company, may, from that circumstance, be held to have an injurious meaning. Although the defendants' comment uttered by way of criticism of plaintiff's business practice if it stood alone, might not afford redress to plaintiff, the situation is different when the utterance is surrounded, as it appears to be here, by suggestive items having an injurious meaning. In the circumstances, the question as to whether the publication is libelous is one for a jury. (*Kingsbury* v. *Bradstreet Co.,* 116 N. Y. 211, 215, 216.)

The motion, insofar as it sought to dismiss the complaint for insufficiency, was therefore properly denied.

At Special Term defendants moved in the alternative for summary judgment dismissing the complaint urging that the truth of the charge as italicized above was established by defendant in an examination before trial of plaintiff. In their answers to the complaint, defendants set up two affirmative defenses and two partial defenses, and also denied that the implications of the article had any application to plaintiff. Upon the argument of this appeal it was conceded that the italicized reference in the article to a " so-called vocational guidance publisher " was published of plaintiff.

We are here concerned only with the first affirmative defense of truth. Asserting that the part relating specifically to plaintiff was true, defendants contend that the truth of that portion was a complete defense to the action. Accordingly, they

argue that the Special Term should have granted the motion for summary judgment. Defendants obviously seek to divorce the matter which relates specifically to plaintiff from the remainder of the article. This may not be done. (*More* v. *Bennett*, 48 N. Y. 472, *supra*; *Kingsbury* v. *Bradstreet Co.*, 116 N. Y. 211, *supra*; *Kloor* v. *New York Herald*, 200 App. Div. 90, *supra*.)

The court is not now concerned with the ultimate outcome of the action. Where a reasonable basis exists for an interpretation that the publication as a whole is capable of a defamatory meaning then it becomes the function of a jury to decide whether that was the sense in which the words were likely to be understood by the ordinary reader. (*Mencher* v. *Chesley*, 297 N. Y. 94, 100.) If a jury should find that the article is defamatory then mere proof of the truth of the italicized portion will not be as broad as the charge and will, of course, be insufficient as a complete defense.

The order denying the motion to dismiss the complaint for legal insufficiency and for summary judgment should in all respects be affirmed.

PECK, P. J. (dissenting). I agree, of course, with the observation in the majority opinion that an entire article must be read in construing an alleged libel. Nevertheless, the question is not whether the article might be considered defamatory as to someone, but whether statements with which the plaintiff might be identified are defamatory.

The only reference to plaintiff in the article in this case is the statement — " A so-called vocational-guidance publisher is shipping sets of books to secondary schools throughout the country, without orders, and requesting payment in the amount of $11.83."

The truth of this statement as applied to plaintiff is not challenged. Indeed, it is only by this accurate factual statement that plaintiff identified itself with the article.

Apart from this wholly truthful factual statement all else which is stated in the article in reference to the trade practice in which plaintiff is admittedly engaged is a characterization of it as a " dodge ".

While the characterization is not complimentary and was not intended to be, I would not say that it was libelous. Certainly the business practice in which plaintiff is engaged is not above criticism and is subject to critical fair comment. I would say that the specific reference to plaintiff and its business practice did not exceed the bounds of fair comment.

Plaintiff is thus relegated to a complaint about the discussion in the article of other business practices which are reprehensible but in which plaintiff is not engaged. There is nothing in the article, however, to suggest that plaintiff is engaged in such practices, nor does the article attribute to plaintiff any association with such practices or practitioners.

I would agree with the legal premise of the majority opinion, that where a reasonable basis exists for an interpretation that the publication as a whole is capable of a defamatory meaning, it becomes the function of a jury to decide whether that was the sense in which the words were likely to be understood by the ordinary reader — provided the test is whether the publication might reasonably be considered defamatory of the plaintiff. It is because I think there is no reasonable basis for considering this article defamatory of the plaintiff that I think there is no jury question and that the complaint should be dismissed.

VAN VOORHIS and BREITEL, JJ., concur with COHN, J.; PECK, P. J., dissents and votes to reverse in opinion in which DORE, J., concurs.

Order affirmed, with $20 costs and disbursements to respondent. [See 281 App. Div. 659.]