## MARIANA

v.

## HEARST MAGAZINES, Inc., et al.

United States District Court
S. D. New York.

July 12, 1954.

Parker, Duryee, Benjamin, Zunino & Malone, New York City, for plaintiff.

McCauley & Henry, New York City, for defendants.

EDELSTEIN, District Judge.

In an action for libel, defendants move for dismissal on the ground that the complaint fails to state a claim upon which relief can be granted. The publication complained of appeared in the "Cosmopolitan" magazine of the defendant Hearst Magazines, Inc., and was entitled "The Disgraceful Flying Saucer Hoax." The article treated of the fraudulent character of reports of "flying saucers" and attributed to "pranksters, half-wits, cranks, publicity hounds and fanatics" the creation of public fears and the cause of great public expenditures in

the investigation of reports of "purely idiotic and wholly nonexistent" craft. But in the middle of the piece it was stated that "There can, of course, be honest mistakes." Following is an account of an innocent mistake. Immediately after that three-paragraph account, there appear three paragraphs describing an incident involving the plaintiff, who is named. In the paragraphs relating to him he is not characterized and on its face that material is not defamatory.

The defendants address themselves to the three paragraphs specifically discussing the plaintiff, in isolation from the remainder of the text, and argue that a defamatory meaning is imputed to the language by an innuendo which connects these paragraphs with other unrelated portions of the article; thus, the plaintiff is attempting, improperly by innuendo, to distort and amplify into libel language in itself devoid of actionable meaning. And since the plain obvious meaning of the language cannot be altered by innuendo, Fleischmann v. Bennett, 87 N.Y. 231, the complaint must fall.

But the plaintiff does not rely on innuendo. He alleges that, considering the article as a whole, as it must be considered, Kloor v. New York Herald Co., 200 App.Div. 90, 192 N.Y.S. 465; Klaw v. New York Press Co., 137 App.Div. 686, 122 N.Y.S. 437; those portions treating of persons derogatorily characterized may be fairly read as applying to him, thus constituting the libel. There can be no doubt that if such portions do apply to the plaintiff, the language is libelous on its face and no innuendo is required to explain the defamatory meaning.

The problem, then, is whether the article can be fairly read as applying the force of its barb to the plaintiff. "[T]he language is to be construed fairly and naturally. It is not enough that a critic or a malignant may torture the expressions into a charge of criminal or disgraceful act. Nor is it enough, on the other hand, that a possible and far-fetched construction may find an inoffensive meaning in the language. The test is whether, to the mind of an intelligent man, the tenor of the article and the language used naturally import a criminal or disgraceful charge." More v. Bennett, 48 N.Y. 472, 476. By this test, I have no doubt that even the casual reader could come to no other conclusion than that the article classes the plaintiff as one who was the victim of an honest and quite reasonable mistake to which no opprobrium could be attached. The treatment of the plaintiff is in stark contrast to the treatment of those who are alleged to be motivated by fraudulent and improper intentions, and any confusion between the two may be accomplished only by torturing the language.

The motion will be granted.