Benjamin Brenner, J.
Motion by plaintiff for an order pursuant to rule 104 of the Rules of Civil Practice to strike the answer, including the separate defense set forth thereunder, as sham and frivolous, and pursuant to rule 109 of the Rules of Civil Practice to strike the separate defense for legal insufficiency. Plaintiff also seeks an order dispensing with the requirement that a statement of readiness be filed with the note of issue.
The action is one for partition of certain realty which is occupied by Service Candy Co., Inc., under a lease expiring in 1962.
The answer contains denials and a separate defense. Paragraph 1 thereof denies that plaintiff and defendant are tenants in common and in possession of the fee simple of the premises as alleged in the amended complaint, but it admits that 'the parties are owners in fee simple. Paragraph 2 of the answer denies the allegation that a mortgage covering the said property is owned by four named persons, although it admits the existence of a first mortgage. Paragraph 3 of the answer denies the allegation set forth under paragraph Sixth of the amended complaint that no other person has any right, sharé or interest in and to the described property insofar.as known to plaintiff, except as otherwise set forth in the amended complaint.
Even if it be assumed, without determining that defendant’s failure to offer evidence countering the deed and mortgage submitted on the motion which support the facts of tenancy in common and the mortgage, would establish defendant’s denials thereof as sham (Matter of Balsam, 275 App. Div. 687; Zwerd *178 ling v. Bent, 264 App. Div. 195, affd. 291 N. Y. 654), nevertheless, plaintiff has failed to demonstrate that the defendant’s denial of the allegation of paragraph Sixth of the amended complaint is false; nor does she set forth facts which would conclusively support the allegation of paragraph Sixth and establish as sham the denial thereof. Since the answer cannot be deemed bad in toto, the motion to strike the entire answer as sham and frivolous must be denied (Gise v. Brooklyn Soc. for Prevention of Cruelty to Children, 262 N. Y. 114, 119; Koeppel v. Koeppel, 138 N. Y. S. 2d 366; O’Shea v. Hanse, 147 N. Y. S. 2d 791).
The separate defense attacked as legally insufficient alleges' in substance that the parties and their husbands had full control of Service Candy Co., Inc.; that as part consideration for the sale by defendant of her stock interest in Service Candy to plaintiff, the realty then owned by Service Candy was conveyed to the parties who, in turn, leased it to Service Candy (presently controlled by plaintiff and her husband) at far less than the fair rental value; that the 10-year lease expires in 1962; that by reason of the low rental an adequate sales price cannot be obtained at present and that it would be inequitable to defendant to compel a sale at this time.
Partition between tenants in common is an absolute right under common law and that right is perpetuated in the statutes of this State (Casolo v. Nardella, 193 Mise. 378). Equitable principles no doubt control, although the action be statutory and equitable rights of a co-owner must be respected (Satterlee v. Kobbe, 173 N. Y. 91). I am, however, of the view that the application of equitable principles does not in the circumstances here serve to sustain the sufficiency of the defense. The defendant presumably had consented to and had sanctioned a low rental for reasons best known to herself. "When the realty was conveyed to the parties she could have protected her interest by limiting or controlling partition of the property for a reasonable period of time (Sipson v. Aloisio, 278 App. Div. 1013; Casolo v. Nardella, supra) and even to have arranged for a private sale (Buschmann v. McDermott, 154 App. Div. 515). Equity will not play favorites. If her bargain was ill advised or if she then was ignorant of the legal consequences of common ownership, she cannot, on those grounds, invoke equity to reform her agreement — certainly not in the absence of facts indicative of gross or unconscionable inadequacy of consideration (Mandel v. Liebmam,, 303 N. Y. 88). Defendant cites Johnson v. Aleshire (130 App. Div. 178) as authority for withholding partition where a sale was impracticable due to *179 a cloud on the title, which cloud was required in that case to be removed in the same proceeding. But here the defendant herself created the condition which makes partition now undesirable to her. Moreover, no cloud on title is here involved. Thus in the case at hand there is no problem of any intermediate interest and in any event the difficulty in which plaintiff finds herself is of her own making.
The motion to strike the defense as legally insufficient is granted with leave to serve an amended answer within 10 days following entry of an order herein. An issue having been raised by denial of paragraph Sixth of the amended complaint, the relief sought by plaintiff to dispense with the requirement for filing a statement of readiness is denied.
Settle order in accordance herewith on notice.