Walter E. Hart, J.
Plaintiff moves as follows: To strike out paragraphs numbered 1 to 4 respectively of the amended answer of defendant Ethel M. Edelman, as well as each of the defenses and counterclaims (Rules Civ. Prac., rule 103); to strike out the entire amended answer (Rules Civ. Prac., rule 104); to strike out the separate defenses, and defenses and counterclaims, pursuant to rule 109 of the Rules of Civil Practice; for judgment on the pleadings (Rules Civ. Prac., rule 112; Civ. Prac. Act, § 476); and for the appointment of a Referee to take proof of plaintiff’s title and of the facts and circumstances and to report whether the premises can be partitioned.
*933 The action is one for partition of real property. The complaint substantially alleges in part that the mother of defendant Ethel M. Edelman (hereinafter referred to as “ defendant ”) and of defendant Goodman (hereinafter referred to as “ Goodman ”) died seized of the subject property in 1948, leaving to each of the two sisters an undivided one-half interest in said property (par. 2); that Goodman, by deed dated September 16, 1957 and recorded September 18, 1957 in the office of the Register, County of Kings, in Liber and at page number specified in the complaint, for a good and valuable consideration, conveyed her undivided interest to plaintiff (par. 3).
Defendant, in paragraph 1 of her amended answer, denies any knowledge or information sufficient to form a belief as to the allegations of paragraph 3 of the complaint, hereinabove referred to, and the allegations of paragraph 4, subdivision a thereof which state that plaintiff is seized in fee simple and entitled to possession of an undivided one-half interest in the property; except, defendant admits being informed ‘ ‘ that there was a purported conveyance of record made by Alice M. Goodman to the plaintiff of her undivided one-half interest in the subject property.”
Denials of knowledge or information as to allegations of matters of public record may be stricken as frivolous (Allen v. National Sur. Co., 144 App. Div. 509; Kaufman v. Hitesman, 61 N. Y. S. 2d 734). However, the denial of knowledge or information in paragraph 1 of the instant answer, when read in the light of defendant’s admission that she was informed of a purported conveyance of record, renders the denial ambiguous. The form of denial employed by defendant in paragraph 1 of the amended answer is so indefinite and uncertain as to leave a doubt as to the allegations intended to be put at issue. The answer should be so definite and certain in its allegations that the pleader’s adversary should not be left in doubt as to what is admitted, what is denied, and what is covered by denials of knowledge or information sufficient to form a belief (Kirschbaum v. Eschmann, 205 N. Y. 127, 131-132). The manner in which the instant denial is pleaded does not represent good pleading (Kirschbaum v. Eschmann, supra). However, this does not render paragraph 1 a nullity; the plaintiff’s proper remedy is by motion to malee more definite and certain (Kirschbaum v. Eschmann, supra; Thompson v. Wittkop, 184 N. Y. 117; Swing v. Engle, 143 App. Div. 181).
Paragraph 2 of the amended answer, which in effect denies the allegations of paragraph 6 of the complaint that the mort *934 gage allegedly held by Goodman constituted a lien on the entire premises, will be permitted to stand. Where under any possible circumstances, evidence of the facts pleaded has any bearing upon the subject matter of the litigation, such allegations will not be stricken (Gerseta Corp. v. Silk Assn. of America, 220 App. Div. 302; Giessler v. Accurate Brass Co., 271 App. Div. 980). The mere fact that the matter sought to be stricken is irrelevant, is not sufficient; it must not only appear .that it is improper but that plaintiff is aggrieved by its inclusion (Nasmie Constr. Co. v. Quasman, 215 App. Div. 724; Cleminshaw v. Coon, 136 App. Div. 160; Wayte v. Bowker Chem. Co., 196 App. Div. 665).
Paragraph 3 of the amended answer denies knowledge or information sufficient to form a belief as to the truth or effect of the state of facts shown on an alleged survey specified in paragraph 7 of the complaint, as well as denying knowledge or information with respect to the balance of said paragraph 7 which alleges in part that there were no liens or encumbrances affecting the subject premises other than those specified in the complaint. The denials are neither sham nor frivolous; the affidavits submitted in support of the motion do not point out wherein the denials are sham (Saenz v. New York Tribune, 160 Misc. 565).
Paragraph 4 of the amended answer denies the allegation of the complaint that actual partition of the subject premises cannot be made without great prejudice to the owners thereof. Defendant is entitled to raise an issue with respect thereto. Accordingly, paragraph 4 will be permitted to stand.
The first separate complete defense and first counterclaim, asserted by defendant, alleges plaintiff’s efforts, to purchase defendant’s interest prior to the alleged conveyance of Goodman’s interest to plaintiff, and the defendant’s refusal to sell to plaintiff, and further alleges a plan by plaintiff and Goodman involving the purchase by plaintiff of Goodman’s interest with the objective of compelling defendant to sell her interest to plaintiff. Defendant claims such a plan is so inequitable that plaintiff is not entitled to partition and, further, that such plan would result in damage to defendant for which she reserves the right to prove damages in the event of a forced sale. It is a well-settled rule in this State, at common law as well as by statute, that partition among joint tenants or tenants in common is a matter of right (Chew v. Sheldon, 214 N. Y. 344; Gallie v. Eagle, 65 Barb. 583; Dunning v. Dunning, 200 Misc. 775). While it is true that an action for partition, although statutory, is *935 controlled by equitable principles, nevertheless equitable principles will apply only when they are not in conflict with applicable statutory provisions (see Grody v. Silverman, 222 App. Div. 526). The first asserted defense and counterclaim consequently is insufficient either as a complete defense or as a counterclaim, and is stricken.
The second defense alleges an agreement between plaintiff and defendant that no partition action would be commenced. Such agreement would constitute a good defense (Sipson v. Aloisio, 278 App. Div. 1013; Ogilby v. Hickok, 144 App. Div. 61, affd. 202 N. Y. 614; Buschmann v. McDermott, 154 App. Div. 515; Andron v. Funk, 194 App. Div. 258). The fact that such agreement might be required to be in writing under the Statute of Frauds (see Steinberg v. Singer, 5 Misc 2d 278) does not warrant a determination that the second defense in the instant ease is legally insufficient. It nowhere appears from the facts alleged under this defense that the agreement was oral. A pleading objected to as legally insufficient must be given a broad and liberal construction and every intendment and fair inference must be given the pleading (Miller v. Cassini, 259 App. Div. 118; Jahss v. Lichterman, 197 Misc. 712, appeal dismissed 277 App. Div. 907; Waterman Corp. v. Johnston, 275 App. Div. 106, motion for leave to appeal denied 275 App. Div. 922; 5 Carmody-Wait, New York Practice, p. 53). Neither can the instant defense be deemed sham; to warrant such determination the proof of falsity of the defense must be clear and decisive, if not overwhelming (Purdy v. McGarity, 262 App. Div. 623; McAuliffe v. Henry George School of Social Science, 99 N. Y. S. 2d 132). Accordingly, the second defense is permitted to stand.
The third separate and complete defense asserted in the amended answer alleges that plaintiff is not entitled to any relief nor to any costs, disbursements or expenses of the action in view of a failure by plaintiff to request of defendant a voluntary partition, and a refusal, moreover, of an offer to work out an arrangement with defendant for the voluntary sale of the property. As hereinbefore indicated, plaintiff is entitled as a matter of right to bring an action for partition. The applicable statutory provisions do not require a tenant in common to engage in negotiations for a voluntary sale or partition. Accordingly, the defense is stricken.
The portion of the amended answer designated as a fourth separate and complete defense and second counterclaim asserts that the institution of this action was ‘ ‘ wrongful and inequitable,” presumably because of the circumstances alleged by *936 defendant in the preceding parts of her pleading, and it seeks a judgment of partition in defendant’s favor by way of counterclaim based upon defendant’s interest in the realty and plaintiff’s “purported” interest therein. This portion of the answer is insufficient as a defense for the reasons previously expressed in this opinion. Nor will it be permitted to remain as a counterclaim in this action. Such a counterclaim is neither necessary nor proper inasmuch as it relates to the same realty, rests essentially upon the same allegations of fact as are set forth in the complaint, and it seeks the same ultimate relief sought by plaintiff in this action, namely, partition of the subject property. All the relief to which defendant would be entitled under the counterclaim sought to be asserted may be had in connection with plaintiff’s action for partition. This would include any credit to which defendant might be entitled by virtue of her alleged payment of her portion of the real estate tax which has been levied on the subject property (Zaveloff v. Zaveloff, 37 N. Y. S. 2d 46, 52). Accordingly, the matter pleaded as a fourth separate defense and second counterclaim is stricken out.
Since defendant’s answer is not altogether bad, the motion to strike the entire answer under rule 104 of the Rules of Civil Practice, is denied (Gise v. Brooklyn Soc. for Prevention of Cruelty to Children, 262 N. Y. 114, 119; O’Shea v. Hanse, 147 N. Y. S. 2d 791; Schneidman v. Steckler, 11 Misc 2d 176).
In view of the material factual issues raised by those parts of the answer which are being permitted to stand, the motion for judgment on the pleadings is denied, but without prejudice to a renewal thereof in the event of a clarification of the meaning or application of paragraph 1 of defendant’s amended answer and the furnishing of particulars in a bill with respect to the agreement asserted under the second separate defense of the amended answer. Plaintiff, if so advised, may also move under section 322 of the Civil Practice Act, for such admissions as it may deem advisable and thereafter move for judgment under section 476 of the Civil Practice Act.
In accordance with all of the foregoing, plaintiff’s motion is disposed of as follows: Insofar as it seeks to have stricken the defenses and counterclaims contained in the answer, such motion is granted as to the first separate defense and counterclaim, the third separate defense and the fourth separate defense and counterclaim; insofar as the motion seeks judgment on the pleadings, it is denied, without prejudice, as hereinabove indicated. The motion is in all other respects denied.
Settle order on notice.